MONELL *vs.* BURNS.

Where the plaintiff contracted to work for the defendant for a certain period at certain wages per month, and it was part of the agreement that if either party became dissatisfied he might abandon the contract, and the plaintiff quit before the time expired without alleging any dissatisfaction, but on the pretence that he had other business to attend to; *held* he could not recover for what he had done.

Where the plaintiff had a claim for labor against the defendant, which the latter resisted on the ground that the work was performed under a contract to labor for a specified time, which the plaintiff had violated, and the parties had an interview in which they agreed upon the time which the plaintiff had labored and upon the amount paid on account, and the defendant offered to pay the balance at the contract price, deducting a certain amount for his damages on account of the plaintiff's breach of contract, and the plaintiff refused to make the deduction, upon which they separated; *held*, that the jury could not find a waiver by the defendant of the contract from what took place at that interview, and that a charge from the court that they might consider the evidence for that purpose was erroneous.

ERROR to the Orange common pleas, to review a judgment in a suit in which Burns was plaintiff and Monell was defendant, which arose in a justice's court and was tried in the common pleas on appeal. The declaration was for work and labor, and *non-assumpsit* was pleaded.

It appeared that in the latter part of March, 1844 the plaintiff agreed to work for the defendant on his farm for seven months at ten dollars a month. There was some evidence, though slight, that if either party became dissatisfied he should have a right to abandon the bargain. The plaintiff commenced work about the time the agreement was made, and left about the middle of October following, without the knowledge of the defendant, saying that he had some other business to attend to

and must go.  Early in November following there was an in-
terview between the plaintiff and defendant with a view to an
adjustment of the plaintiff's claim.  The substance of what
took place at that time is stated in the opinion of the court.

The court charged the jury that if the contract bound the
plaintiff to work seven months, still, if the defendant knew at
the time of making the contract and afterwards that the plain-
tiff did not so understand their agreement, then the plaintiff was
not bound by it; because he must have been misled or deceived
in the import of the particular words used in making it; all of
which was for the jury to determine upon the evidence.  The
court also advised the jury that they were to consider whether
the defendant had not waived the contract at the time of the
attempt to settle spoken of, and whether there had not been at
that time a settlement as to the time the plaintiff had worked
and the amount of the payment, and whether the only matter
left open at that time was not the amount of damages on ac-
count of the plaintiff's having quit before his time was up, and
that if the jury so found they were to ascertain the amount of
such damages and to deduct the same from what would other-
wise be the balance.  The defendant excepted to this charge,
and the jury found a verdict for the plaintiff, on which the
court rendered judgment.  A bill of exceptions was signed and
the defendant brought error.

*Monell & Dunning*, for the plaintiff in error.

*Fullerton & Fowler,* for the defendant in error.

*By the Court,* BEARDSLEY, J.  These parties made an ab
solute agreement that the plaintiff should work for the defen-
dant seven months at ten dollars a month; or that he should
do so unless one or the other of the parties became dissatisfied.
I think the agreement was an absolute one, although, as the
case is now presented, it is of no consequence whether it was
absolute or upon the condition stated, for it is not pretended
that the plaintiff brought the contract to a close in consequence

of any dissatisfaction on his part.   The plaintiff labored, in pur-
suance of this contract, for about six months and a half, when
he quit; not on account of dissatisfaction, but because, as he
alleged, he had business to attend to.   Upon this state of facts
it is entirely settled that the plaintiff could not recover for the
work he had done.   (*Lantry* v. *Parks*, 8 *Cowen*, 63.)

The plaintiff sought to recover on one of two grounds; *first*,
that he had not made a contract for seven months, or had been
deceived and misled in regard to its terms; so that, in reality,
it was no contract.   Or, *secondly*, that the defendant had
waived full performance of the seven months' work, and there-
fore the plaintiff showed a good right of action.

Of the latter there was no evidence whatever, and the point
should not have been submitted, as it was, to the jury for them
to pass upon.   It is true that some two or three weeks after
the plaintiff had violated his contract, by abandoning work for
the defendant, the parties were together, and were engaged in
an effort to adjust the matters in controversy between them.   Had
they gone through and completed the adjustment, no doubt
both would have been bound by what was done; but this they
failed to effect, and the effort at a compromise amounted to
nothing final between the parties.   They agreed that the plain-
tiff had worked six months and a half, and had been paid a
certain amount.   The plaintiff then proposed that the amount
paid should be deducted from the amount which the labor
would come to at the contract price, and the balance be paid
to him.   On the other hand the defendant proposed that an
allowance of five dollars should be made by the plaintiff, for
damages, in consequence of his quitting work before the seven
months were up.   This the plaintiff refused to do, and said he
would allow nothing.   The defendant insisted that the plain-
tiff had forfeited all right under the contract, and could not
recover a cent; but the plaintiff said he would at least make
the effort; and in this state of the attempt to effect a compro-
mise the treaty broke off, and the parties separated.   This
mere effort to settle had no effect whatever on the rights of the
parties.   Had they agreed on any sum as a balance, or agreed

that no advantage should be taken of the forfeiture which the plaintiff had incurred by his voluntary abandonment of the service of the defendant, a different case would have been presented. But no result was attained by the effort to make a settlement, and consequently, each party stood on his rights as they were before the effort was made. The court erred in submitting to the jury whether the contract had not been waived by this effort to make a settlement. There was no evidence which looked like a waiver, or upon which such a fact could have been found, and the question should not have been put to the jury for a decision. On this ground the judgment must be reversed.

I do not well understand what the court intended to leave to the jury about a contract to serve for seven months having been made, and in regard to the plaintiff's not being bound by it. Upon the evidence, as stated, there is not the least room to doubt that the contract bound the plaintiff to labor seven months, unless he had a right to quit if dissatisfied. Supposing this condition was in the contract, he did not pretend to quit for that reason, but for another; he had business which required his attention. There was no evidence of any misapprehension by the plaintiff in regard to the import of any particular words in the contract, or that he had in any respect been deceived or misled on any such subject. There was then no such ground as the first branch of the charge points to, for avoiding the obligation of the plaintiff to serve out the seven months; no ground for saying he had been deceived or misled in any respect. Besides, this part of the charge is inconsistent; it assumes that the contract was made so as to bind both parties, and then charges that the plaintiff was not bound by it if he understood it in a manner different from what it was; this being known to the defendant. The reason why the plaintiff in such case would not be bound, was stated to be that he must have been deceived or misled in the import of particular words used.

If the court meant that the jury were to determine whether the parties agreed that the plaintiff should labor for seven

months, that would have been well, if there had been any doubt about it. And if it had been material to ascertain whether the contract authorized either party to bring it to a close, if dissatisfied, that must also have been left to the jury. But as the plaintiff quit for another reason, and not on account of dissatisfaction, this inquiry was not material in any point of view. As I see no evidence which would authorize the jury to hold that the plaintiff was not bound to work for seven months because he had been deceived or misled, I think the court also erred in this part of the charge.

Judgment reversed.