RUFUS L. GEORGE v. SCHOOL DISTRICT No. 8 IN WEST FAIRLEE AND VERSHIRE.

When the teacher of a district school, without the use of any fraudulent or improper means upon his part, has obtained a certificate of his qualifications, in due form, from the superintendent of common schools for the town, it is no defence to an action, brought by the teacher against the district, to recover his wages, that the certificate was granted without any examination having been in fact made by the town superintendent.

The supreme court will not, on exceptions, examine a question not decided by the county court.

When a school district have once decided, that their prudential committeee shall consist of one person, they cannot, during the year for which such committee is elected, alter such determination, unless a vacancy occur in the office.

INDEBITATUS ASSUMPSIT, for the services of the plaintiff's minor daughter in teaching school for the defendants in the summer of 1846. Plea, the general issue, and trial by jury, June Term, 1847, —HALL, J., presiding.

On trial it was conceded, that the plaintiff's minor daughter instructed the school, as alleged in the declaration; and the plaintiff proved, that Josiah F. Mattoon was elected sole prudential committee of the district, at a meeting held October 10, 1845, and that he contracted with the plaintiff, May 24, 1846, for the services of

the plaintiff's daughter, to teach the school in the district twelve weeks, at one dollar a week, and that she commenced the school May 27, 1846, and taught, during the time specified, to the satisfaction of said Mattoon. The plaintiff also gave in evidence a certificate of the qualifications of his daughter to teach a district school, which was in due form, and dated April 23, 1846, and was signed by the several superintendents of common schools for the towns of Chelsea, Vershire and West Fairlee.

The defendants then offered in evidence the record of the warning and proceedings of a meeting of the district, held February 23, 1846, to show the election of E. P. Prescott and Moses Clement, additional committee; and also offered evidence, to prove that said Prescott and Clement dismissed the plaintiff's daughter from farther service as a teacher in the district;—to which testimony the plaintiff objected, and it was excluded by the court. The defendants then proved, that the school house in their district is situated in the town of West Fairlee, and that the certificate of the qualifications of the plaintiff's daughter was not allowed and signed by the superintendent of common schools for that town until May 30, 1846. The defendants then offered to prove, that the superintendent of common schools for West Fairlee allowed and signed the said certificate, without having made any examination as to the qualifications of the plaintiff's daughter; to which testimony the plaintiff objected, and it was excluded by the court.

The plaintiff then proved, that after the certificate had been signed by the town superintendent of West Fairlee, the prudential committee, Mattoon, told the plaintiff's daughter to go on with the school, and he would pay her, as he had before agreed,—and that she did keep the school twelve weeks after that.

The court, *pro forma*, directed a verdict for the plaintiff. Exceptions by defendants.

*Parker* for defendants.

1. The district was not party to the granting the certificate, and cannot be precluded by the wrongful act of the party claiming the benefit of it and of a third person. The statute requires a personal examination of the applicant; and the certificate of the town superintendent is but *prima facie* evidence, and may be rebutted. Acts

George *v.* School District No. 8 in West Fairlee and Vershire.

of 1845, p. 26, sec. 4.  1 Greenl. Ev. 573, § 498.  *Johnson* v. *Morse,* 7 Pick. 251.

2. The contract, having been made previous to the granting of the certificate, was void.  Acts of 1845, p. 29, § 8.  Chit. on Cont. 536.  12 Vt. 192.  2 Greenl. Ev. 88, § 111.

3. There is a fatal variance between the declaration and the contract proved.

4. The court erred in rejecting the evidence of the appointment of additional members of the prudential committee.

*L. B. Vilas* and *Hebard & Steele* for plaintiff. ·

1. That the plaintiff's daughter had commenced the school previous to the certificate being allowed by the town superintendent can make no difference, since she was again employed by the prudential committee, and taught for twelve weeks after that.

2. The evidence, that the teacher was not examined, was properly excluded ;—1, For the reason that that would be allowing parol evidence to contradict the record evidence of an official act ;—2, Because the superintendent may have had such actual knowledge of her qualifications, as would render an examination at the time unnecessary.

3. The evidence of the election of additional members of the committee was properly excluded.  Rev. St. 113, § 9.  *Hadley* v. *Chamberlain,* 11 Vt. 618.  *People* v. *Morrell,* 21 Wend. 563.  2 Kent 294.

The opinion of the court was delivered by

KELLOGG, J.  This is an action of assumpsit, brought by the plaintiff to recover for the services of his minor daughter, as a school teacher in the district from the 27th day of May, 1846, to the 22d day of August of the same year.  Upon the trial in the court below several exceptions were taken to the rulings of the county court, some of which have been presented for our consideration.  The plaintiff gave in evidence a certificate of his daughter's qualifications to teach, signed by the superintendent of West Fairlee.

1. It is insisted, that the court erred, in excluding the evidence offered, to prove that the certificate was allowed to the daughter of the plaintiff without any examination of her qualifications by the superintendent, and that in point of fact she never was examined by

63

him. That it was the duty of the superintendent, before granting the certificate, to have made such examination of the applicant, as was necessary to afford him reasonable evidence, that she possessed the requisite qualifications, there can be no doubt. The statute in express terms requires such examination, and imposes upon the superintendent the duty of making it. If he neglect it, he is unquestionably guilty of a dereliction of duty. But does such omission of duty on the part of the superintendent render his certificate null and void? For if it does, it would not aid the plaintiff in his suit, or be of any avail for any purpose whatever. The statute only requires, "that the teacher shall obtain a certificate of his qualifications before he opens the school, and cause the same to be recorded in the town clerk's office before any payment is made on account of such services." It no where imposes upon the *teacher* the duty of causing the examination to be made, and if it did, he would have no power to compel the superintendent to perform the service. The superintendent is the officer of the town. He is appointed by the town, and is responsible to the town, for the manner in which he discharges the duties of his office. The town must see to it, that their superintendent faithfully performs his duty, or submit to the consequences of his failing to do it. It is sufficient for the teacher, that he presents himself for examination; and if he obtain his certificate, though without any previous examination by the superintendent, it will be available to the teacher, provided he is guilty of no fraud or improper means in obtaining it. And as the evidence offered had no tendency to prove any fraudulent or improper conduct of the teacher in obtaining the certificate, it follows, that the same was properly excluded.

2. It is farther insisted, that the contract, upon which the plaintiff seeks to recover, cannot be enforced, inasmuch as the same was made, and the school opened, before the certificate of the superintendent was obtained. This objection is not well founded. It is not sustained by the facts in the case. It is true, that *a contract* was made, and the school opened, before the certificate was obtained; but the case shows, that *the contract* upon which the recovery was had, was made after the certificate was obtained, and that the plaintiff only recovered for services rendered after the certificate.

3. It is also insisted, that there is a variance between the contract *declared on* and the contract upon which the recovery was had. This objection cannot prevail. This court sits as a court of error, to revise the decisions of the county court; and it is well settled, that this court can only consider such questions, as have been raised in, and decided by, the court below. It is therefore a sufficient answer to this objection, that it does not appear, that the question was passed upon by the county court, or that it was even brought to their notice.

4. A farther objection is taken by the defendants, that the court erred in excluding the evidence of the record of the school meeting of the 23d of February, 1846, at which time Prescott and Clement were appointed committee in addition to the one appointed at the *annual* meeting, and proof that Prescott and Clement dismissed and discharged the teacher from all farther service in the district. This objection is fully disposed of by the case of *Mason* v. *Sch. Dist. No. 14 in Brookfield,* decided at the present term in this county. The same objection was taken in that case, and was adjudged by the court to be untenable.

This disposes of the questions which have been presented, and the result is, that the judgment of the county court is affirmed.