## UNION SCHOOL DISTRICT No. 6, T. 41, KANE COUNTY,

*v.*

### MARY STERRICKER.

1. TEACHER'S CERTIFICATE. The school law does not require a teacher's certificate to state upon its face that any examination was had, or what such examination was. It is sufficient if it states that the person to whom it is given is qualified to teach the branches enumerated.

2. SAME — *proof to show no examination.* In a suit by a teacher to recover his wages, after being discharged by the directors, his certificate of qualification to teach can not be invalidated by proof that no personal examination of the teacher was had. The certificate is in the nature of a commission, and can not be attacked collaterally.

3. STATUTE — *construed.* The word "*may*" in the school law, in which it is provided that a teacher's certificate *may* be drawn in a given form, was not intended to be interpreted "*must.*"

APPEAL from the Circuit Court of Kane County; the Hon. HIRAM H. CODY, Judge, presiding.

This was a suit by the appellee against the appellant, originating before a justice of the peace. On the trial in the circuit court the plaintiff's evidence showed an employment to teach a three months school at $25, and she to be boarded, and her discharge at the end of the first month. The plaintiff recovered judgment in the court below for $87.50. The proof showed that the plaintiff's certificate was given without any personal examination.

Messrs. BOTSFORD & BARRY, for the appellant.

Messrs. JOSLYN & COLEMAN, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action by appellee against appellant for services as a school teacher. The testimony tends to show that appellee was employed to teach a school for appellant for a given time, and that at the end of a month, and before the time had elapsed, one of the directors, with the approbation of a second, discharged the teacher and forbade her teaching any longer; and no sufficient justification is shown for her discharge. By the terms of her agreement she was to be boarded and paid $25 a month. The testimony tended to prove that it was difficult to get employment in a school after she was discharged; that she did not find any employment for the balance of the time, and that she was not employed after the time of her discharge, but remained at home. There was also evidence tending to prove that she was not discharged from the school at all, but left her position without sufficient ground. On this point the evidence is very contradictory. It is insisted that the verdict in this respect is against the weight of the evidence. We think the evidence was sufficient in this regard to sustain the verdict, and we can not say that it ought to have been set aside on that ground.

It is insisted that the certificate of the qualifications of the appellee as a teacher was not sufficient, under the statute, and we are referred to sections 50 and 52, chapter 122, Revised Statutes 1874.

The statute provides that no teacher shall be authorized to teach a common school * * * who does not possess a certificate as required by this section. It is made the duty of the county superintendent to grant certificates to such persons as may, upon due examination, be found qualified, and it is provided that he " shall certify that the

person to whom such certificate is given is qualified to teach orthography," etc. (enumerating the branches required), and "said certificate may be in the form following," viz. : Here follows a form saying that the person having been examined by the superintendent, in the different branches, enumerating them, and that the superintendent being satisfied that the applicant is of good moral character, the superintendent certifies the qualifications of the person in the branches enumerated are such as to entitle the person to a certificate of the grade, etc.

It will be observed that while the statute imposes no duty to give to any one a certificate, except to a person found qualified "upon due examination," yet the statute does not *require* the certificate to state upon its face what that examination was, or that such examination was had. The statute requires the certificate to state "that the person to whom the certificate is given is qualified to teach" the branches enumerated. The certificate produced complies fully with the statute in this respect. It is not invalid for want of conformity to the form furnished in the statute. The statute prescribes what fact the certificate must state, and then adds that the certificate may be drawn in a given form. The word "*may*" in this case was not intended to be interpreted "*must.*" Nor is it conceived that such certificate can be invalidated in this proceeding by proof that no personal examination of the teacher was had. The certificate is in the nature of a commission, and can not be attacked collaterally.

The judgment must be affirmed.

*Judgment affirmed.*

Mr. Justice Walker: I am unable to concur in the decision or opinion in this case.