THE STATE OF NEBRASKA, EX REL. C. H. LINDBURG, v. GEORGE GROSVENOR.

1. **Schools:** TEACHER'S CERTIFICATE GOOD IN ANOTHER COUNTY. Where the county superintendent issues a certificate authorizing the person named therein to teach school in such county, the county superintendent of any other county may endorse such certificate, which will render the certificate valid in the county where endorsed for such time as the superintendent shall determine, not to exceed two years nor longer than the certificate was originally intended.

2. ———: CERTIFICATE CANNOT BE ATTACHED COLLATERALLY. A certificate being issued or endorsement made thereon by the officer specially authorized to make the same, it is presumed to be valid; and in the absence of fraud is not subject to attack collaterally.

3. ———: REFUSAL OF TREASURER TO PAY TEACHER'S WAGES. Where a teacher when employed by the director and moderator of a school district, and while teaching such school, possessed a certificate duly endorsed by the county superintendent, *Held*, That the treasurer of the district, in the absence of fraud, could not refuse to pay a warrant drawn by the director and moderator for the teacher's wages, upon the ground that the endorsement was invalid.

ERROR to the district court for Polk county. Tried below before NORVAL, J.

*J. W. Edgerton*, for plaintiff in error.

*E. L. King* and *G. M. McConaughy*, for defendant in error.

MAXWELL, CH. J.

The defendant is treasurer of school district No. 74 of Hamilton county, and this action was brought in the district court of Polk county to compel him to pay an order drawn by the director of said district for the sum of $120 in favor of the relator, which order was countersigned by the moderator. On the trial of the cause judgment was rendered in favor of the defendant.

The testimony tends to show that on the 19th of January, 1884, the county superintendent of Polk county gave the relator a second grade certificate for eight months; that on the 9th of December following the county superintendent of Hamilton county endorsed said certificate for a period of four months; that the relator presented said endorsed certificate to the director and moderator of school district No. 74 of Hamilton county, and was employed by them to teach said school for sixty days from the 15th of December, 1884, for the sum of $120; that soon after the relator commenced teaching the defendant asked him for his certificate, which the defendant examined, and expressed

the opinion that it was of no validity after the 19th of January, 1885. Upon the completion of the term of school the director gave the relator an order on the treasurer for the sum agreed upon, which order was countersigned by the moderator. This order was presented to the defendant, who paid thereon the sum of $12. Afterwards he paid thereon the sum of $30, and refused to pay the balance, apparently upon the ground that the relator was not a qualified teacher.

The principal object of the statute in requiring teachers to possess a certificate authorizing them to teach school for specified periods, is to secure persons of good moral character, skilled in the branches specified in the statute, and with ability to teach. The statute provides for a county superintendent for each county, and authorizes him to grant for his county certificates to teachers, divided into three grades. It also authorizes such superintendent to endorse a certificate in force in this state or any other state without examination, and such endorsement will render the certificate valid. Comp. Stat., ch. 79, subd. VII. If a candidate has passed a satisfactory examination in another county or state, and has received a certificate authorizing him to teach therein, it is but reasonable to suppose that he will pass a like examination in any other county or state where the requirements of the statute are substantially the same. It is not compulsory on the superintendent, however, to endorse the certificate but he may require an examination. Where, however, he does endorse such certificate the effect is precisely the same as if he had issued a certificate himself, and so long as such endorsement remains in force the person endorsed is authorized to teach the same as if a certificate in due form had been issued to him. And such endorsement during the time for which it was granted is valid, unless set aside for some of the causes that would authorize the revocation of a certificate. It is, in fact, a certificate issued by the officer whose duty it is to grant

State v. Skirving.

the same upon being convinced that the applicant possesses the necessary qualifications. In the absence of fraud a certificate or endorsement thereon is not subject to collateral attack and can only be set aside for cause. The relator, therefore, was a qualified teacher during the entire period that he taught school in district No. 74, and was entitled to be paid for his services. "The laborer is worthy of his hire."

The judgment of the district court is reversed and a peremptory writ will be awarded in this court for the unpaid balance and interest thereon.

JUDGMENT ACCORDINGLY.

THE other judges concur.