## GEORGE W. DOYLE

### v.

## SCHOOL DIRECTORS, ETC.

*Master and Servant—School Teacher—Wrongful Discharge—Recovery of Wages—Other Employment—Evidence—Incompetency—Instructions.*

1. In an action brought by a discharged school teacher to recover a balance claimed to be due as salary, it is improper as a test of competency to require him upon cross-examination to answer questions propounded, or to show that after his employment a remonstrance was circulated in his district, and signed by divers persons.

2. Evidence going to show that the plaintiff had miscalculated the amount due him, is not admissible as bearing upon the question of competency.

3. The neglect or refusal of parents to send their children to a given school can not, of itself, affect the right of its teacher to compensation in accordance with the terms of his contract.

4. A certificate of qualification from a county superintendent is *prima facie* evidence of capacity to teach, and though it may be overcome by proof of incompetency, it can not be impeached, in an action brought by a teacher for salary due, nor will it be invalidated by the improper introduction of testimony going to show that for the certificate in question he was not in fact examined.

5. There need be no second examination of a teacher, upon the granting of a renewal certificate, the original certificate issued to him upon examination having expired by statutory limitation.

6. An instruction in such case imposing upon the plaintiff the burden of proving that he had tried and failed to get other employment, should not be given.

7. Where other employment is obtained and wages amounting to as much as could be recovered under the first contract are earned, nominal damages may be recovered, in case of a breach upon the employer's part.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Montgomery County; the Hon. J. J. PHILLIPS, Judge, presiding.

Mr. JAMES M. TRUITT, for appellant.

Messrs. GEORGE PEPPERDINE and LANE & COOPER, for appellee.

PLEASANTS, P. J.   Appellant was employed by appellees to teach their district school for a term of five months commencing on the first Monday of October, 1888, at $30 per month. On Saturday of the first week of the term, a majority of the directors determined to discharge him "for the good of the school." On the following Monday morning they went to the school-house and told him they had come to dismiss him for the good of the school, and asked him to resign. He refused, unless they would pay him the full amount of $150. This they declined, and after some further conversation he said he would take his dismissal if they made out, signed and delivered to him a writing stating that by the action of the board of directors he was discharged as teacher of that district, but assigning no cause for it. Thereupon he gave them the register and left the school-house, but told them there would be trouble about it. He was paid for only one week's service, and this suit was brought to recover the balance. The verdict and judgment were against him and he appealed. We find in the record no evidence sufficient to support this verdict, and think it should have been set aside.

An attempt was made to show he was incompetent to teach, first, by cross-examination of the plaintiff himself, to whom, for that purpose, such questions were put as the following:

"What would $3\frac{7}{8}$ pounds of butter cost at $11\frac{1}{2}$ cents a pound? How to divide a fraction by a fraction?" Also by proving

that after he was employed, a remonstrance was circulated in the district and signed by divers persons. But all this was properly excluded by the court.

It was shown that but a few pupils attended his school during the week he taught, and that he knew there was dissatisfaction with his appointment and that his fitness as a teacher was discussed and questioned, though no complaint was made of anything done or omitted by him during that week or as teacher of that term. But what pertinency had this to any issue in the case? The directors had in fact employed him, he had entered upon the performance of his duties under that contract and was ready and offered to go on therein. The neglect or refusal of parents to send their children to school, could not, of itself, affect his right to compensation according to the contract. He had taught for three terms before, two in that district. He had and produced a certificate of his qualification from the county superintendent in due form. It was *prima facie* evidence of his qualification; and though it might be overcome by proof of incompetency, it could not be impeached in this suit, nor was it invalidated by the fact, improperly allowed to be shown, that for this particular certificate he was not in fact examined by the county superintendent. Union School Dist. v. Sterricker, 86 Ill. 595. Besides, it appeared that the superintendent had previously examined him, and thereupon given him a certificate, which had expired by the limitation fixed by the statute, before the employment here in question. This one being in fact but a renewal certificate, duty did not require another examination for it.

We think it was improper to admit proof, by cross-examination of plaintiff or otherwise, that he had miscalculated the amount that would be due him, under the contract, for teaching six days. There was no legitimate evidence of his incompetency, nor was any attempt made to show any other legal cause for his discharge.

In the next place it was claimed that he consented to the discharge or voluntarily resigned. The written discharge disproves a resignation, and it is manifest that he did not consent to be discharged. If he consented, why did he not in

form resign, instead of demanding written evidence that he was discharged? Before he made the demand he had been informed by the directors that they had determined and were still determined to discharge him, without regard to his consent, and one of the directors testified that he thought plaintiff told them, when he received the writing, there would be trouble about it, and one, that when the other suggested the statement of the cause of discharge, he, the witness replied: "I guess not; that will come up if we have any trouble." They were not without apprehension of trouble, as they would have been if plaintiff had consented or they had so understood him. They had trouble. The county superintendent went to see them about it, but was not allowed to tell what they said to him, if anything, about plaintiff's consenting.

It is clear to our minds that he demanded the discharge in writing as evidence that he had not abandoned the position nor voluntarily resigned it. Perhaps the court was bound to recognize this defense in the instructions, but we think there was not evidence enough to support a finding of consent.

The defendant was allowed, over objection, to show what farm labor was worth at that time in that neighborhood; but no evidence was offered to show that plaintiff earned or received anything for such labor during the school term, or that he found or was offered employment of any kind during that time. And one of the instructions given for the defendant seems to have imposed upon plaintiff the burden of proving that he had tried and failed to get other employment. This was error. Fuller v. Little, 61 Ill. 21. And if he had got it and received therefrom as much as he would have received under the contract with defendants, still if there had been a breach of that contract on their part he would have been entitled to a verdict and judgment for nominal damages. Williams v. Chicago Coal Company, 60 Ill. 149.

For the errors indicated and because the verdict was against the evidence, the judgment will be reversed and the cause remanded.

<em>Reversed and remanded.</em>