Bissell, J.
This action was brought by Mary E. Hotz *41 against a School District of Huerfano county, to recover a sum which she alleged to be due her under a contract of employment entered into by the board of directors of the School District. It was satisfactorily shown that in August of 1886 the board met and decided to employ her as a teacher for the school year next ensuing. The secretary notified the teacher of what had been done, and she accepted the terms offered. On the 5th of September following Miss Hotz went to La Yeta, where the school was situate, saw the members of the board, and arranged with them for the commencement of her school on the following day, and for the procurement of a temporary certificate to entitle her to - teach in Huerfano county until the time of the regular examination of teachers in November. At this time it was stated by Miss Hotz, and understood by the board, that she did not possess a certificate of the county superintendent of Huerfano county, entitling her to teach in that locality, and that it would be necessary for her to procure a temporary authority to act till the November examination. This temporary certificate was procured, and on the 6th of September Miss Hotz commenced her school under this authority, with the knowledge and concurrence of the directors of the School District, and continued to teach under those circumstances for the ensuing five months. In November she procured her regular certificate. At the expiration of five months the board of directors discharged her from the employment, and, as the record shows, notwithstanding diligent efforts on her part to procure another engagement she remained unemployed during the balance of the year. This suit was brought to recover the stipulated wages as damages for the breach of the contract. Several defenses were interposed, but no proof was offered in support of them; but upon motion for a nonsuit the complaint was dismissed, because it appeared from the testimony, that at the time of the offer of hiring by the board and its acceptance by the teacher, she possessed no certificate from the proper authorities of Huerfano county entitling her to teach there. Upon the case made this is the only practical question before the *42 court for consideration. Section 3055 of the General Statutes inhibits the district board from employing any teacher who shall not possess a license to teach, issued by the proper authority, which shall be in force at the date of employment ; and the statute contains the further provisions: “ and any teacher who shall commence teaching in any such school without such license shall forfeit all claims to compensation out of the school fund for the term so teaching without such license.” It is thus evident that the rightfulness of the action of the court below in dismissing the case depends upon the construction to be given to this particular section. The statute is undoubtedly intended to be operative both as to the board and as to the teacher. The results of a departure from its provisions are widely different in the two cases. While it is enacted that the district board shall not employ a teacher, who, at the date of the employment, is without the evidence of authority to teach, issued by one of the persons authorized to execute a certificate, no penalty is provided for a breach of the statute by the board itself. It is wholly unnecessary to determine what the consequences to the board would be in the event of its violation by them. This case only concerns the matter of the violation by the teacher, and as to the teacher a specific penalty is provided. Under these circumstances the only legitimate construction of the statute must be, that the penalty is only enforceable and can only be held to attach in the case mentioned, and that is, in the case where the teacher shall commence to teach not having obtained a certificate. Where, as here, the statute contains two provisions, one of which is a prohibition to the board, and the other of which is a penalty enforceable against the teacher under certain circumstances, the true construction must be that only in the event of a violation of the provision containing the penalty can it be held that the teacher is without a right of action. The evident intention of the legislature was to prevent the emplojment of teachers who did not possess the evidence of qualification prescribed by the statute. The prohibition to *43 the board was simply intended to impose upon the officers of the School District the duty of seeing to it that the teacher whom they hired should possess the requisite qualifications. It is true that at the time the board met for the purposes of employing the teacher, and when they wrote their ‘letter containing the offer of employment, as well as at the date of the letter of acceptance, the teacher did not have the statutory evidence of her qualifications which entitled her to teach in Huerfano county. This, however, should not deprive her of the right of action, or entitle the board to break the contract into which they subsequently entered, unless they be able to assign some sufficient legal excuse for the breach. The circumstances and the facts of the case are such, that it may very properly be held that the employment of Miss Hotz should be deemed completed as of the date when the services were commenced, since she was qualified when she entered upon the discharge of her duties with the knowledge and concurrence of the board; which possessed full authority for employment. School District No. 2 etc. v. Dilman, 22 Ohio St. 194.
Should it be 'Contended that the board entered into a contract in August which was void under the statute and unenforceable by the teacher, it may well be held that a valid implied contract arose as between the board and Miss Hotz, when, as a duly qualified teacher, she entered upon the discharge of her duties on the 6th of September, and continued therein for the ensuing five months. If it be said that it is impossible to ascertain what the terms of this implied contract are, it is replied that the express contract may be looked at to ascertain the terms of the implied one, which the teacher performed until she was discharged. The commencement of the school by the teacher with the knowledge and consent of the board, after she had received a certificate of qualification, was equivalent to the making of a new contract upon the terms of the one into which they attempted to enter at their meeting held in August. Scott v. School District, etc., 46 Vt. 452.
*44 This construction and these reasons are well supported by a consideration of the purposes which the legislature evidently had»in view, and of the circumstances which necessarily exist in this state in its various school districts. If it happened that the teacher did not possess a certificate issued by the state authority, the certificate must be issued by the superintendent of the county where the school is to be taught. New of the teachers to be employed are residents of the county wherein they teach; the times fixed for the public examinations of teachers are not concurrent with the commencement of the schools; negotiations must be entered into as between the board and the teacher antecedent to the time of their arrival in the county in which they are to discharge their duties. The mischief to be guarded against is the teaching of a school by a teacher who does not possess the necessary qualification. A construction of the statute which guards the difficulty sought to be provided against protects both the teacher and the district. There are cases containing similar statutes which hold a contrary doctrine; but the views here expressed, which are well supported by the two cases cited, seem more in accord with the evident purposes of the statute, and to afford more equal protection to the rights of all parties concerned. It is quite possible that upon a subsequent trial of this case the board may be able, under the defenses which they interposed, to show a sufficient legal excuse for the action which they took. If they desire to escape the consequences of their act in discharging the teacher before the expiration of the school year, they assume the burden of proving a sufficient excuse. The judgment must be reversed.

Reversed.