[No. 3684.   Decided December 13, 1900.]

MAUD KIMBALL, Respondent, v. SCHOOL DISTRICT No. 122 OF SPOKANE COUNTY et al., Appellants.

SCHOOLS—TEACHER'S CERTIFICATE—COLLATERAL ATTACK.

A temporary certificate to teach granted by the county superintendent of schools, under the authority of Gen. Stat., § 777, cannot be collaterally attacked in an action brought by a teacher against a school district for breach of contract of employment to teach its school, when there is no allegation of fraud or collusion in obtaining the certificate.

SAME—CONTRACT TO TEACH—ENTIRETY—EFFECT OF PARTIAL BREACH.

Where a person, under a contract to teach a school for a term of nine months, has a license qualifying her to teach only two months, at the time she tenders her services at the beginning of the school term, the district is released from its obligation to perform its part of the contract, and she has no right of recovery thereon, since the contract is an entire one and a breach as to any material part is a complete discharge as to the whole.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge. Reversed.

Danson & Huneke, for appellants.

S. G. Allen and James Dawson, for respondent.

The opinion of the court was delivered by

WHITE, J.—The plaintiff brings this action against School District No. 122 of Spokane county to recover on a contract to teach the public school of said district. She alleges that on the 6th of May, 1895, she entered into a contract with the defendants for that purpose, substantially as follows:

"It is hereby agreed by and between the directors of School District No. 122, county of Spokane, state of

Washington, and Maud Kimball, the holder of a teacher's certificate now in force in said county, that said teacher is to teach and govern and conduct the public school of said district, etc., etc., *for a term of nine months,* commencing on the 16th day of September, 1895, for the sum of sixty dollars per month, to be paid at the end of each school month, etc., etc., provided that if said teacher shall be legally dismissed from school or *shall have her certificate lawfully annulled by expiration or otherwise,* then said teacher shall not be entitled to compensation from and after such dismissal or annulment," etc.

She further alleges that on the 16th day of September, 1895, she was ready, willing and *able* to perform the conditions of said contract on her part to be performed, and was so ready, willing, and *able* to perform the same during *said term of nine months* commencing on said 16th day of September, 1895; that on said 16th day of September, 1895, and at other days and dates thereafter during said term plaintiff offered to perform the same, but the defendant wrongfully and without cause wholly failed and refused to permit her to teach said school, to her damage in the sum of $540. The answer of the defendants amounts to a general denial of the portion of the complaint above set out, and also denies the damages. It is further set out, as a separate defense, that the plaintiff did not hold a certificate from the county superintendent of the county, or from any other source, licensing her to teach school for the school year commencing September 16, 1895; that the certificate which she had held for the preceding year prior to the 16th of September, 1895, had lapsed and expired, and on said date was of no force and effect; that said plaintiff had taken an examination prior to said 16th day of September, 1895, but had failed to pass said examination and failed to obtain from said county superintendent a certificate, said county superin-

tendent refusing to issue her a certificate for the reason that he had found her incompetent by reason of her having failed to successfully pass an examination; that the board of directors refused to allow her to teach for the reason that that she did not have the certificate provided for in said agreement, and for the further reason that she was incompetent. This affirmative defense was denied by the plaintiff.

The proof establishes the making of the contract as alleged. It further appears from the evidence that when the contract was entered into the plaintiff was the holder of a third grade county certificate, entitling her to teach in Spokane county for one year from the 13th day of August, 1894. It further appeared that, in August, 1895, the plaintiff was a resident of Spokane county, and that she appeared before the board of examiners of Spokane county and took an examination for a teacher's certificate, but she failed to pass and was refused a certificate. She made no complaint at the time of the examination that she was unwell and unable to take the examination. The court admitted evidence in rebuttal tending to show that the plaintiff was unwell and unable to take the examination. After her failure to take the examination, the county superintendent of schools for Spokane county granted her a temporary certificate as follows:

"Temporary Certificate.

Common Schools of the State of Washington.

This is to certify that Miss Maud Kimball having filed in my office evidence of being a person of good moral character and of ability to teach and govern, is hereby granted this temporary certificate, which entitles her to teach in the common schools of Spokane county, state of Washington, until the next regular examination of teachers of said county. This certificate is granted upon

the following evidence of ability to teach: viz., Third Grade Certificate granted August 18, 1895 [1894], nine months' experience, District No. 122. Valid until Nov. 15, 1895.

Dated at Spokane this 26th day of August, 1895.

Z. Stewart,

Superintendent County Schools, Spokane County, Washington."

The evidence further tends to show that on September 16, 1895, the plaintiff presented herself with this certificate to the board of directors of the defendant district at the school house of the district, to carry out her contract, but the directors refused to allow her to teach, and substituted another in her place. The evidence tends to show that the directors knew that she had failed to pass an examination before the board of examiners. No evidence was offered to prove that at any time after August, 1895, the plaintiff had a teacher's certificate other than the temporary certificate above set forth. The jury found a verdict in favor of the plaintiff for the full amount claimed. A motion was made to set aside the verdict and for a new trial, on the grounds: (1) Insufficiency of the evidence to justify the verdict; (2) that the verdict is against the law; (3) error in law occurring at the trial and excepted to at the time. This motion was overruled, and judgment was entered upon the verdict. Proper exceptions were taken to the rulings of the court and the entry of the judgment.

At the close of the plaintiff's testimony, the defendants moved the court to grant a non-suit, and to withdraw the case from the jury, and render judgment for the defendants, stating, as a reason, that the plaintiff had wholly failed to prove a sufficient cause for the jury, and the further reason that the testimony of the plaintiff shows that she was not qualified to teach at the time of the alleged

breach of the contract. Proper exceptions were taken
to the refusal of the court to grant said motions.

The law in force at the time this contract was entered
into, and at the time. the plaintiff offered to perform its
conditions, was as follows:

"No person shall be accounted as a qualified teacher,
within the meaning of the school law, who has not first
appeared before the board of examiners of the county in
which he proposes to teach and received a certificate set-
ting forth his qualifications; or has not a state certificate
or a life diploma from the state board of education, or
a temporary certificate granted by the county superintend-
ent." 1 Hill's Code, § 802.

"Each county superintendent shall have the power, and
it shall be his duty, * * * To appoint, for one year,
two persons holding the highest grade certificate in his
county, and such persons, with the county superintendent,
shall constitute a board of examiners for the examination
of teachers. It shall be the duty of the county board of
examiners in all counties to be at the county seat on the
second Thursday of the months of February, May, Au-
gust and November of each year for the purpose of ex-
amining teachers. The superintendent shall give ten
days' notice of the same by publication in some newspa-
per of general circulation, published in his county, or if
there be no newspaper, then by posting up handbills, or
otherwise. Such examination shall be conducted accord-
ing to the rules prescribed by the state board of education,
and no other questions shall be used except those fur-
nished by the said board." 1 Hill's Code, § 776.

" * * * Any teacher to whom certificate has
been granted by any county board of examiners in this
state, or by lawful examiners in any other state or terri-
tory, the requirements to obtain which shall not have been
less than the requirements to obtain a certificate in this
state, or any teacher holding a diploma or certificate of
graduation from any state or territorial normal school or
university, or from the normal department of the univer-
sity of Washington, may present the same, or a certified

copy thereof, to the county superintendent of any county in this state where said teacher desires to teach, and it shall be the duty of said county superintendent, upon such evidence of fitness to teach, to grant to said person a temporary certificate, which shall entitle him to teach in the common schools of the county wherein it is granted until the next examination of teachers; *provided,* that the provisions of this clause shall apply only to such teachers as were not residents of the county at the time of the last preceding examination, or were unable, by reason of sickness or other unavoidable cause, to attend said examination; *and provided further,* that the county superintendent may require of such person a written statement of such facts, verified by affidavit; *and provided further,* that the county board may, at their discretion, indorse certificates from other counties in this state for the unexpired term thereof. All applicants for certificates shall be at least seventeen years of age, shall have attended a teachers' institute, and shall be examined in reading, penmanship, orthography, written and mental arithmetic, geography, English grammar, physiology and hygiene, history and constitution of the United States, school law and constitution of the state of Washington, and the theory and art of teaching; but no person shall receive a first-grade certificate who does not pass a satisfactory examination in the additional branches of natural philosophy, English literature, and algebra." 1 Hill's Code, § 777.

The appellants maintain that temporary certificates can be granted only to persons who were not residents of the county at the last preceding examination, or who were unable, by reason of sickness or other unavoidable cause, to attend said examination; that inasmuch as the plaintiff was a resident of the county, and attended the last examination and failed to pass, the temporary certificate given to her was void, and that it appeared from the face of it that it was void. A case might arise where a person was taken sick during the examination, and, for that reason, would be unable to take the examination. We have no

doubt that under such circumstances the superintendent could grant a temporary certificate until the next examination. It is doubtful, however, whether such certificate can be issued to a person who has taken the examination before the board and failed, without complaint as to sickness at the time of taking the examination. The respondent, however, contends that it is not necessary to set forth in the temporary certificate the reason for which it is granted; that the presumption is in favor of the superintendent doing his duty, and that he either knew the fact of the sickness of the plaintiff or required the necessary affidavit of that fact; that the responsibility for issuing the certificate is upon the superintendent. She cites in support of her contention the well known rule that:

"The law constantly presumes that public officers charged with the performance of official duty have not neglected the same, but have duly performed it at the proper time and in the proper manner. In the absence of evidence to the contrary, this presumption will prevail, but it is not an indisputable one and may be overcome by countervailing evidence. Where the rights of the public require it the presumption in favor of due performance is liberal, and the evidence to overthrow it must be clear. This presumption is in accordance with the established and familiar maxim, *Omnia presumuntur rite et solemniter esse acta donec probetur in contrarium*—everything is presumed to be rightly and duly performed until the contrary is shown. The presumption is constantly indulged in support of all kinds of official action." Mechem, Public Officers, § 579.

The statute does not require the superintendent to set forth in the temporary certificate the reason for which it was given. In no event can he give such temporary certificate unless there is evidence of the fitness of the applicant to teach. The recital in the temporary certificate that, "This certificate is granted upon the following evi-

dence of ability to teach, viz., Third-Grade Certificate, granted August 18, 1895, [1894]; nine months experience District No. 122," simply sets forth the statutory requirement of the evidence of fitness to teach, and not the reason for issuing the temporary certificate. We do not think that this temporary certificate was subject to a collateral attack. We do not mean, however, to hold that it could not be assailed for fraud, but the pleadings in this case contain no allegations of fraud or collusion in obtaining the certificate. *George v. School District,* 20 Vt. 495; *State ex rel. Lindburg v. Grosvenor,* 19 Neb. 494 (27 N. W. 728); *Union School District v. Sterricker,* 86 Ill. 595; *Doyle v. School Directors,* 36 Ill. App. 653.

The appellants claim, however, that it was incumbent upon the respondent to show at the time she offered to teach that she was duly licensed to teach for the full term of nine months from September 16, 1895. This contention, we think, is sound. The respondent contracted to teach for a full term of nine months. This is an entire contract; she sues upon it as an entire contract and recovers upon it as an entire contract. The respondent by the contract bound herself to render continuous services as a teacher for nine months. She proves ability to teach only two months of that term, and fails to show that she was qualified in any respect to teach the remaining seven months. The board of directors, when she tendered her services with a temporary certificate good for two months only, were not required under the contract to allow her to enter upon her duties as a teacher and take the chances of her securing a certificate at the November examination. No rule of law is better settled than that, if a contract is entire, it can be enforced only in its entirety, and a breach as to any material part of an entire contract is a complete discharge, and releases the other party from his obligations to perform.

"Where a party fails to comply substantially with an agreement, unless it is apportionable, the rule is well settled that he can not sue upon the agreement, or recover upon it at all. And under the strict common law rule he was remediless. But the doctrine has now grown up, based upon equitable principles, that where anything has been done from which the other party has received substantial benefit, and which he has appropriated, a recovery may be had upon a *quantum meruit,* based on that benefit. And the basis of this recovery is not the original contract, but a new implied agreement, deducible from the delivery and acceptance of some valuable service or thing." *Allen v. McKibbin,* 5 Mich. 449.

See, also, *Krumb v. Campbell,* 102 Cal. 370 (36 Pac. 664); *Monell v. Burns,* 4 Denio, 121.

If the respondent had been allowed to enter upon the discharge of her contract, and had taught the two months and failed to get a new certificate, she could have recovered for the two months; not on the contract, however, but because an implied contract arose as to the two months. *Hotz v. School District No. 9,* 1 Colo. App. 40 (27 Pac. 15); *Allen v. McKibbin, supra.*

As a condition precedent to the plaintiff's right of recovery in this action, she should have shown that when she offered her services to the appellants she was qualified to teach, under the laws of this state, for the full nine months contracted for. Having failed to do this, she was not entitled to recover on the alleged contract.

The judgment of the court below is reversed, with instructions to dismiss this action at the cost of the respondent; the appellants to recover their costs on appeal.

DUNBAR, C. J., and FULLERTON and REAVIS, J J., concur.