## Charles VanDorn

*v.*

## Henry Anderson.

*Opinion filed December 20, 1905.*

1. Mandamus—*when mandamus will issue to compel performance of an official act.* Mandamus will issue to compel the performance of an official act in a proper manner when such act is in its nature ministerial and not judicial.

2. Same—*mandamus will issue to compel county superintendent of schools to date certificate correctly.* A county superintendent of schools, on issuing a teacher's certificate, has no power to date it back of the time it was actually issued, and he may be compelled by *mandamus* to date it correctly.

3. Schools—*date of teacher's certificate is a material matter.* A teacher's certificate issued by the county superintendent should be dated as of the time it is issued, the date being a material matter, in that it shows the beginning of the period the teacher is entitled to teach thereunder.

4. Same—*county superintendent cannot deny recitals of certificate issued by him.* A county superintendent is estopped to deny the recitals of a teacher's certificate issued by him, and he cannot, in an action of *mandamus* to compel him to date the certificate correctly, collaterally attack the certificate by attempting to show that it was issued without due examination.

5. Same—*teacher's certificate cannot be renewed except as provided in the statute.* A teacher's certificate cannot be renewed except by the endorsement of the county superintendent as provided in the statute, and the issuance of a new certificate cannot be regarded as a renewal.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. J. A. CREIGHTON, Judge, presiding.

This is a petition, filed by the appellee in the circuit court of Sangamon county, against the appellant as superintendent of schools of said Sangamon county, praying for a writ of *mandamus,* commanding appellant to change the date of a teacher's certificate issued by appellant to appellee, so that said certificate should show upon its face the true date of its issuance. After a demurrer to the petition was filed and overruled, appellant pleaded to the same, and, upon the hearing, the trial court found the issues for appellee, the petitioner, and ordered that the writ issue forthwith, commanding appellant that he correct the certificate, which bore date on July 1, 1901, so that it would show upon its face the true date of its issuance by appellant to appellee, to-wit, the first day of September, 1902. An appeal was taken from the judgment, ordering the issuance of the writ, to the Appellate Court, which has affirmed said judgment. The present appeal is prosecuted from such judgment of affirmance.

The petition averred that appellee, of Sangamon county, had for many years prior to July 2, 1902, taught in the common schools of said county, under several first-grade certificates issued to him by the superintendent of schools of that county upon due examination; that the last of said first-grade certificates expired on July 2, 1902, and that afterwards, on September 1, 1902, appellee applied to appellant, as such superintendent, to grant to him a first-grade certificate, and was there and then ready and willing to submit himself to an examination by appellant, as such superintendent, touching his qualifications; that thereupon the appellant on, to-wit, September 1, 1902, issued and delivered to appellee a certificate in the words and figures following, to-wit:

219—3

"Sangamon County, Illinois, *July 2d, 1901.*

"The undersigned having examined Henry Anderson in (certain studies, naming them,) and being satisfied that he is of good moral character, hereby certifies that his qualifications in all the above branches are such as to entitle him to this certificate, being of the first grade, valid in said county for two years from the date hereof, and renewable at the option of the county superintendent by his endorsement thereon.

"Given under my hand and seal at the date aforesaid.

CHARLES VanDorn, (Seal.)
*County Superintendent of Schools."*

The petition then avers that, when the certificate was delivered to him, he did not observe that it did not bear the true date of its issuance, (being dated July 2, 1901, instead of July 2, 1902), but that, when appellee did observe that date written in said certificate, he afterwards, to-wit, on August 24, 1903, applied to appellant as such superintendent at his office in Springfield, in said county, to correct the date of the certificate, so that the same would show the true date of its issuance, but that appellant refused to make such correction, by means whereof appellee was prevented from teaching in said county from September 1, 1903, until September 1, 1904, as he had a just and lawful right to do.

PERRY & MORGAN, for appellant.

SHUTT & GRAHAM, and HAMILTON & CATRON, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The appellant, as county superintendent of schools of Sangamon county, first issued to appellee a first-grade certificate in 1899, upon a written examination as to his qualifications. When this certificate expired two years later, to-wit, on July 1, 1901, appellant at that time issued another first-grade certificate to appellee, but dated it back to July 2, 1900. The latter certificate was issued without a further written examination, as appellee had taken an examination

in 1899, and he testifies that appellant told him that another one was not necessary, and that when a teacher had passed one examination, appellant would not require him to take another during his superintendency. As the second certificate, issued on July 1, 1901, had been dated back a year to July 2, 1900, it therefore expired, according to its date, on July 1, 1902. Appellee applied to appellant in June, 1902, to correct the date on said certificate so that it would bear the true date of its issuance, namely, July 2, 1901; but appellant refused to correct the date as requested, and, thereupon, appellee on September 1, 1902, made a written application to appellant as such superintendent, in the usual form, for a new certificate, and left one dollar to pay for the same. Thereupon, without further written examination, appellant issued and delivered to appellee a new first-grade certificate, but dated the same back to July 2, 1901, as will appear from the certificate set forth in the statement preceding this opinion. When appellee discovered, in April, 1903, that this certificate had been dated back, he went to appellant in August of that year and asked him to correct the date of the certificate, so that it would bear date as of September 1, 1902, the true date of its issuance, but appellant refused so to do; and thereupon the present petition for *mandamus* was filed. Section 3 of article 7 of the School law provides that "it shall be the duty of the county superintendent to grant certificates to such persons as may, upon due examination, be found qualified. Said certificates shall be of two grades; those of the first grade shall be valid in the county for two years, and shall certify that the person, to whom such certificate is given, is of good moral character, and is qualified to teach [certain studies, naming them]. * * * Certificates of the second grade shall be valid for one year, and shall certify that the person, to whom such certificate is given, is of good moral character, and is qualified to teach [mentioning certain studies]. * * * The county superintendent may in his option renew said certificates at their expiration

by his endorsement thereon," etc. (Hurd's Rev. Stat. of 1899, p. 1552.) Section 3 of article 7 above referred to prescribes the form of the certificate; and such form contains the words: "valid in said county for .... year .... from the date hereof, renewable at the option of the county superintendent by his endorsement thereon."

Paragraph 16 of section 13 of article 2 of said School act also provides that "it shall be the duty of each county superintendent of schools in this State * * * to grant certificates of qualification to such persons as may be qualified to receive them, as provided for in section 3 of article 7 of this act," etc. (Hurd's Rev. Stat. of 1899, p. 1523). Paragraph 3 of section 14 of article 2 of said act also provides that "the said county superintendent shall have power * * * to renew teachers' certificates at their expiration by his endorsement thereon." (Ibid.)

It is insisted by appellant that the performance of the duties, imposed upon the county superintendent of schools by the provisions of the statute above quoted, is a matter of discretion and judgment with that official, and that, therefore, their performance cannot be enforced by *mandamus*. Undoubtedly, it is the general rule that the writ of *mandamus* will not lie to compel the performance of acts or duties, which necessarily call for the exercise of judgment and discretion on the part of the officer or body, at whose hands their performance is required. (*People ex rel.* v. *Illinois State Board of Dental Examiners,* 110 Ill. 180; *Illinois State Board of Dental Examiners* v. *People,* 123 id. 227). But a writ of *mandamus* will issue to command the performance of an official act in a proper manner when such act is in its nature ministerial, and not judicial. (*Graham* v. *People,* 111 Ill. 253; *People* v. *Mayor of Alton,* 179 id. 615.)

Under the provisions in question the county superintendent undoubtedly exercises a discretion, judicial in its character, when he determines that the teacher, applying for the certificate, has the qualifications required by the statute.

A *mandamus* will not issue, requiring the county superintendent to give a certificate that the applicant possesses the necessary qualifications, because such act would be an attempt to control his judicial judgment. But after the county superintendent has decided that the teacher possesses the necessary qualifications, the issuing of the certificate, and the proper dating of the certificate, are merely ministerial acts, which he can be required to perform by the writ of *mandamus*. The prayer of the petition in the case at bar is, not that the appellant as county superintendent of schools shall issue a certificate to the appellee certifying that he possesses the necessary qualifications to teach, but the prayer is merely that he correct the date of a certificate, which he had already issued. This he can be compelled by the writ of *mandamus* to do, as he is thus required to perform merely a ministerial act.

It is not denied that appellant issued to the appellee a certificate, dated July 2, 1900, which was a first-grade certificate, and certified that appellee possessed the necessary statutory qualifications to teach. That certificate was valid for two years, under section 3 of article 7, as above quoted. The two years expired in July or September, 1902. It is not denied that, in the summer or fall of 1902, the appellee applied to the appellant for a new certificate, and that such certificate was issued to him. Appellant, however, instead of dating the certificate in September of 1902, when it was issued, dated it back to July 2, 1901. The statute provides that the first-grade certificates shall be valid for two years; it entitles the teacher to teach in a common school for two years. The period of two years begins with the date of the certificate; this is apparent from the fact that the form of the certificate, given by the statute, provides that it shall be valid for the requisite period "from the date hereof." The date of the certificate, therefore, is a material item, as showing the beginning of the period, for which the teacher is entitled to exercise his profession in the county. It makes

no difference what the motive or object of the appellant was in dating the certificate back for one year; the statute does not authorize any such action on his part, but evidently contemplates that the certificate should be dated as of the date of its issuance. Here, it was issued in September, 1902, but was dated back to the month of July, 1901. We are of the opinion that the court had the power by writ of *mandamus* to compel the appellant, as such superintendent, to correct the date of the certificate by changing it from 1901 to 1902. It made a difference of one year to the appellee, because, as the certificate was valid for only two years, if it was properly dated, in 1901, appellee's right to teach under it would expire in 1903, whereas if it was properly dated in 1902, his right to teach would not expire until September, 1904.

The certificate recites upon its face, that it is of the first grade, and also recites that the appellee possesses the necessary qualifications to entitle him to a certificate of the first grade. The appellant is estopped from denying these recitals in the certificate, issued by him to appellee. In *Union School District* v. *Sterricker,* 86 Ill. 595, it was held that a school certificate of this kind "is in the nature of a commission, and cannot be attacked collaterally." In that case it was held that such a certificate cannot be invalidated by proof, that no personal examination of the teacher was had, or that he did not possess the qualifications mentioned in the certificate. Appellant cannot now be allowed in this collateral attack to contradict and invalidate his own certificate by setting up, as appears to be done here, that the certificate was issued without due examination.

It appears from the proof that in 1899 the appellee did submit to a written examination touching his qualifications, and it also appears that the appellant, after such written examination, did not thereafter require an additional examination. It cannot be said that the certificate, issued in September, 1902, and dated back as of July, 1901, was a mere renewal of a former certificate. The certificate could only

be renewed in the manner pointed out in the statute.   Section 3 of article 7, as above quoted, provides that "the county superintendent may, in his option, renew said certificates at their expiration by his endorsement thereon."   The mode, provided by the statute for the renewal of the certificate, is by endorsement thereon, and, in the case at bar, there was no such endorsement renewing appellee's certificate, but a new certificate was issued to him, reciting that it was of the first grade, and that appellee possessed the necessary qualifications to teach.

We concur in what is said upon this subject by the Appellate Court in their opinion deciding this case, where the following views are expressed, to-wit: "It is not controverted that appellee made application for the certificate on September 1, 1902; that the same was granted, and, as a matter of fact, issued upon that day, and that it was dated back to July 1, 1901.   The action of appellant in thus antedating the certificate was without legal justification and unwarranted, no matter what his motive may have been.   The certificate in question being the only evidence the appellee possessed or could obtain as to his right to teach, he was entitled to have it show such authority for the full term, provided by the statute for a first-grade certificate.   By the arbitrary, unauthorized and illegal act of appellant, appellee was deprived of such evidence, and thereby rendered unable to exercise his profession in Sangamon county for a longer period than nine months from the day upon which he was declared to be qualified to teach.   He thereby lost a valuable property right, to regain which the remedy by *mandamus* was properly invoked.   The propositions of law, submitted by appellant, were in direct conflict with the law governing the questions involved, and hence were properly refused."

We are of the opinion that the judgments of the lower courts are correct, and, accordingly, the judgment of the Appellate Court, affirming that of the circuit court, is affirmed.                    *Judgment affirmed.*