## SCHOOL DIRECTORS

### v.

## SCOTT CREWS.

|    |     |
|----|-----|
| 23 | 367 |
| 139s | 78 |
| 23 | 367 |
| 75 | 186 |
| 23 | 367 |
| 88 | 651 |

*Schools—Destruction of School House by Fire—Action on Entire Contract by Teacher—Other Employment—Burden of Proof—Conflict of Evidence.*

1. Where a district school is broken up because of the failure of the Directors to furnish another room, upon the destruction of the school house by fire, the teacher may recover under his contract, although he has kept and can furnish no schedule.

2. Where the plaintiff proves a contract of employment for a stipulated price, that he was prevented from fulfilling it by the act of the defendant, and that he was ready, able and willing to complete it, he is entitled *prima facie* to recover the entire sum agreed to be paid. The burden is upon the defendant to show that the plaintiff had other employment or could have obtained it by reasonable diligence during the whole or any portion of the time. The plaintiff is neither required to aver nor prove his inability to procure other employment.

3. Where the evidence is conflicting this court will not interfere with the verdict of the jury.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Jackson County; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

The appellants employed appellee to teach their district school for five months, commencing November 5, 1883, for the sum of $30 per month, and entered into a written contract with him evidencing such hiring. He taught one month and nine days, when the school house was destroyed by fire, and the school consequently was broken up. The appellee notified the appellants of his willingness to complete his contract and demanded them to furnish another school room, which was not done. He furnished schedule and received his pay for the time actually taught, and after the expiration of the school term brought this suit as upon an entire contract for the five

months, on the ground that through the fault of the appellants in not furnishing a school room he was prevented from completing the contract of teaching, although ready and willing so to do. His declaration sets forth with sufficient particularity all the facts essential to a recovery, and further alleges that during all the time lost he was unable to procure employment of like character in said county. To this declaration the appellants filed the general issue and one special plea, averring that by the terms of said written contract the plaintiff had undertaken to use his best endeavors to preserve in good condition the school house and premises therewith connected, wherein the school was to be taught, and that by and through the negligence of the plaintiff the house caught fire and was burned. Issue was formed upon this plea, and upon trial the plaintiff recovered and the defendants appeal.

Messrs. SMITH & STEPHENS, for appellants.

Messrs. HILL & MARTIN, for appellee.

PILLSBURY, J. That the written contract for the employment of the appellee to teach school for five months commencing and ending within the school year, was a valid exercise of the powers conferred upon the Directors by the statute is not seriously denied, although there is a suggestion in the argument that as they can not give an order for school teachers' wages in the absence of a schedule, the law applicable to entire contracts as between individuals can not apply. This position is fully answered by the case of School Directors v. Reddick, 77 Ill. 628, where it is held that a school teacher employed for a given term and then discharged before the expiration thereof, by the fault of the Directors, was not required to aver she kept a schedule for the whole term, as she could not possibly have done so.

It is urged that the averment in the declaration that the plaintiff could not obtain employment of like character in Jackson County is a material one, and must be proven before the plaintiff can recover. Neither averment nor proof of such

fact is essential to the right of action. When the plaintiff proves a contract of employment for a definite time and for a stipulated price and was prevented from fulfilling it by the act of the defendant, and that he was ready, able and willing to complete it, he is entitled, *prima facie*, to recover the entire sum contracted to be paid, and if the defendant can mitigate the damages by showing that the plaintiff had employment or could have obtained it by reasonable. diligence during the whole or any portion of the time, the burden is upon him to prove such fact. 2 Greenleaf, Ev., 261 a; Fuller v. Little, 61 Ill. 21. It is said in Chitty's Pleadings, p. 230, that if the plaintiff states as a cause more than is necessary for the gist of the action, the jury may find so much proved, and so much not proved, and the court would be bound to pronounce judgment for the plaintiff upon the verdict, provided that the facts proved constituted a good cause of action. The question made here would appear to be controlled by this principle of pleading.

The issue made by the special plea was sharply contested upon the trial and the testimony thereon is conflicting, and as the jury were expressly instructed by the court to find for the defendants if they believed from the evidence that the plaintiff did not use his best endeavors to preserve the school house from destruction by fire, we must assume that they found he had done so, and an examination of the evidence contained in the record shows that it is sufficient to sustain the finding in this regard.

It would subserve no useful purpose to discuss the testimony in detail bearing upon this issue, and for this reason we decline doing so.

Again it is claimed that when the appellee presented his schedule for the nine days taught in the second month and received his pay, it was understood that the contract was abandoned. One of the Directors does testify that he so understood the matter, but the other says that nothing was said by the appellee about waiving the entirety of the contract, and the appellee swears that he did not release his claim for damages for the unexpired term.

Whether he did so was a question of fact for the jury, and they having determined it in favor of the appellee upon a fair conflict in the testimony, we can not interfere with the verdict upon this ground. The statute made it the duty of the Directors to maintain a school of at least five months in the year, and the destruction of the school house does not exonerate them from the performance of this duty, as they can, in that event, rent a suitable room for school purposes. Millard v. Board of Education, 19 Ill. App. 48. And the fulfillment of the contract not being made impossible by the act of God they must be held bound by its terms, as mere hardship or difficulty will not suffice to excuse them. 2 Parson on Contracts, 184.

There is no sufficient evidence in the case to show that they could not, by suitable efforts, have provided another school room for the term and thus complied with their contract with the appellee. No substantial objections can be urged to the charge of the court, and there being evidence to sustain the verdict, the judgment will be affirmed.

*Judgment affirmed.*