# THE CITY OF CHAMPAIGN

## v.

# MARIA McINNIS.

*Municipal Corporations—Personal Injury—Defective Sidewalk—Notice —Negligence.*

1. A municipal corporation is charged with the supervision of its streets, and must keep them in a reasonably safe condition.

2. In an action against a municipal corporation to recover damages caused by a defective sidewalk, it is *held:* That the verdict for the plaintiff is sustained by the evidence; that notice to the defendant of the defective condition of the walk is to be presumed from lapse of time; and that it is immaterial whether the walk was laid by the defendant.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Champaign County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. E. L. SWEET and H. W. MATHEWS, for appellant.

Messrs. J. L. RAY and H. B. SLAUSON, for appellee.

WALL, J.   The appellee recovered a judgment for $555 against appellant on account of injuries sustained by reason of a defective sidewalk.

We find the evidence supports the verdict. The plaintiff appears to have been exercising ordinary care, and there can be but little if any doubt the injury is directly due to the fact that the walk was badly out of repair.

The injury was severe, a bone being broken, and the amount allowed is moderate.

From the length of time the walk was out of order, it is to be presumed the city had notice of its condition, and therefore it is negligent in not having made the necessary repairs.

It is urged the walk was not laid by the city, and hence there is no liability.   The evidence tends to show it was laid

by the city many years ago; but if this were not so, the city would not be exempt. Even if laid by a private person, the corporation should have used reasonable care to prevent it from becoming dangerous to pedestrians, and failing in this, would be responsible for the consequences. The city can not permit a sidewalk to become unsafe, and as such a nuisance, and then escape liability on the ground it did not build the walk in the first place.

It is charged with the supervision of the streets, must keep them in reasonably safe condition, and by taxation, is provided with the means of doing so. City of Bloomington v. Bay, 42 Ill. 503 ; Dillon on Mun. Corp., 789 *et seq.*

There is no error in the instructions given for the plaintiff, nor in refusing a new trial. The judgment will be affirmed.

*Judgment affirmed.*