## CITY OF FLORA
### v.
## LAURA E. NANEY.

*Municipal Corporations—Personal Injuries—Contributory Negligence—Defective Sidewalk—Evidence—Instructions.*

1. Permission granted by a municipality to a private citizen to build a sidewalk, does not absolve it from the duty of seeing that the same is kept in proper repair.

2. A person may, in the exercise of reasonable care, rightfully walk upon a sidewalk, although the same is obviously out of repair.

[Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of Clay County; the Hon. C. C. BOGGS, Judge, presiding.

Messrs. COPE & BURTON, for appellant.

Messrs. F. G. COCKRELL and J. R. CREIGHTON, for appellee.

GREEN, J.   This was an action on the case brought by appellee to recover damages for injuries received by her in passing over a sidewalk belonging to defendant.   The negligence charged in the declaration is, that the city of Flora wrongfully and negligently suffered the sidewalk on one of its public streets to be and remain in bad and unsafe repair and condition, and some of the planks, boards, etc., therein, of which said sidewalk was constructed, to be and remain broken and unfastened, by means whereof the plaintiff, passing along and upon said sidewalk, a plank therein, unfastened, in bad repair and unsafe, tipped up and struck her foot and caused her to stumble and fall, and she was thrown and fell upon the sidewalk and ground and received the injuries complained of. The general issue was pleaded, the cause was tried by jury, and a verdict rendered for plaintiff assessing her damages at $1,500. Defendant's motion for a new trial was overruled, and the court rendered judgment on the verdict, to reverse which judgment defendant took this appeal.   The grounds relied on by appellant requiring us to reverse this judgment are substantially as follows: that there is no evidence to show appellant had ever exercised any authority or control over the street in question, and the sidewalk not having been built by it, but by one Adams, it should not be held responsible; that plaintiff knew the condition of the sidewalk and must have

City of Flora v. Naney.

known she was taking the risk of being tripped and falling if she passed over it, and without any necessity, voluntarily incurred the risk, continued on the walk, walking by the side of her sister, and can not be heard to complain of the injuries thus brought upon herself by her own negligence.   And lastly, the court erred in refusing to give the 1st, 2d, 3d and 6th of defendant's refused instructions.   We find on examining the record, evidence clearly showing the sidewalk in question was built on the north side of one of the streets in the city of Flora by one Adams, out of old material furnished him by the city authorities for that purpose, and with the knowledge on their part that he would build said walk where he did build it, in front of his premises; that it was so built in the fall of 1882, and from that time was suffered to remain without any repairs until after the time plaintiff was injured, and afterward the city authorities put in a new sidewalk at that place.

This evidence disposes of the first ground above mentioned and warranted the jury in finding the city did exercise authority and control over said street, and authorized and permitted the building of the sidewalk in question, and although Adams, a private citizen, was permitted by the city to build it, this did not absolve appellant from the duty to exercise reasonable care to keep it in reasonably safe condition for the use of those passing over it, and a failure to perform this duty was negligence, for the consequences of which the city became liable to one injured thereby while using reasonable care. Champaign v. McInnis, 26 Ill. App. 338.   As to the second ground mentioned, which is in effect a charge of such contributory negligence on the part of plaintiff as to preclude her right to recover, it might be sufficient for us to say, that was a question fairly submitted to the jury upon the evidence under proper instructions by the court, and we will not disturb the verdict, but we desire to add that it appears by the record, plaintiff had never been upon the walk in question until the day she was injured, and knew nothing of its condition except as she saw it on that occasion.   That she was rightfully walking thereon with a relative and in the exercise of reasonable care, when a board in the sidewalk, which ap-

peared to be fastened, but was not, and upon which her relative stepped, tipped up, and plaintiff struck her foot against the end of it and fell, and was thereby seriously injured. True, the sidewalk was generally defective and out of repair, but although this was then known to plaintiff, she was not bound to go out in the street; she might rightfully walk upon the sidewalk although it appeared to be out of repair, and if in the exercise of reasonable care herself at the time she was injured, would still be entitled to recover if the jury found the negligence of defendant as charged, caused the injury. Lovinguth v. Bloomington, 71 Ill. 238; Bloomington v. Chamberlain, 104 Ill. 268. · The instructions on behalf of defendant, which the court refused to give, were properly refused; they did not embody accurate statements of the law, and aside from this, the court, on its own motion, fully instructed the jury and stated the law fairly, and as favorable to defendant as it had a right to ask. On a full consideration of the whole record we are satisfied the verdict of the jury is sustained by the evidence, and the judgment thereon was right; the order of the Circuit Court awarding execution against appellant is wrong. That order is reversed, and in all other respects the judgment is affirmed.

*Judgment affirmed.*