## City of Pekin v. Patrick McMahon, Administrator of the Estate of Frank McMahon, Deceased.

1. TRESPASSERS—*Owners of Private Lands Not Liable for Injuries to* —*A General Rule.*—The owner of private premises is not responsible to those who, while trespassing, are injured by reason of dangerous excavations or structures, which he may have permitted to remain thereon.

2. TRESPASSERS—*Proprietors of Private Lands Liable for Injuries to* —*An Exception to the Rule.*—Where a dangerous condition of private premises has been produced by the owner and circumstances exist equivalent to an invitation to children to go upon the same, and which present such temptations as might be expected to allure them upon such premises, the law will raise a duty upon the part of the owner to use all reasonable means to guard against injuries that may naturally be foreseen, and an omission to do so is negligence on his part.

3. TRESPASSERS—*Liability of the Owners of Private Grounds for Injuries, etc.*—*An Application of the Exception to the Rule.*—The city of Pekin owned a lot upon which, by reason of removing gravel, there was a deep pit in which water accumulated. It was very close to a street in the settled part of the city, and was uninclosed. Children were in the habit of playing about this pond, and one day a boy of nine years of age, while so playing, fell into the water and was drowned. Under the exception to the rule, the city was held liable.

4. EXECUTIONS—*Against Municipal Corporations, Not Reversible Error.*—It is error to award execution against a city, but where this appears to have been a mistake of the clerk in writing up the record, it will not deprive the plaintiff of the benefit of his judgment, and an order will be entered by the Appellate Court making the necessary corrections and directing the court below to amend its record accordingly.

**Memorandum.**—Action for damages. Death from negligent acts. In the Circuit Court of Tazewell County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Declaration in case; plea, not guilty: trial by jury; verdict for plaintiff for $1,600; judgment; defendant appeals. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

APPELLANT'S BRIEF, G. W. CUNNINGHAM, W. L. PRETTYMAN AND WM. DON MAUS, ATTORNEYS.

Appellant contended that, in general, the occupant of land is under no obligations to strangers to place guards

around excavations made by him. Shearm. and Redf. on
Negligence, 3d Ed. 598, S. 505. And so with the owner of
land. Ibid. 592, S. 499; Beck v. Carter, 68 N. Y. 283; Cooley,
Torts, 606; Gillespie v. McGowan, 100 Pa. St. 144; Hargreaves
v. Deacon, 25 Mich. 1; 1 Thompson on Negligence, 303;
I. C. R. R. v. Carraher, 47 Ill. 333; Murray v. McLean, Admx.,
57 Ill. 380; I. C. R. R. v. Godfrey, 71 Ill. 500; Gavin v. Chi-
cago, 97 Ill. 66; L. S. & M. S. R. R. Co. v. Bodemer, 139 Ill.
596; Gibson v. Leonard, 143 Ill. 182; Frost v. Eastern R. R.,
64 N. H. 220; Clark v. Manchester, 62 N. H. 577; Clarke v.
City of Richmond (Va.), 5 S. E. Rep. 369; City of Indianap-
olis v. Emmelman (Ind.), 9 N. E. Rep. 155; Klix, Admr., v.
Nieman (Wis.), 32 N. W. Rep. 223.

No distinction is made in favor of an infant child so receiv-
ing an injury. In such a case the corporation owes no spe-
cial duty to a child straying from its parents, and the duty of
protecting it is not shifted from the parents to the corpora-
tion, because it chances to escape their care. This is the
general rule, applicable to those who trespass upon private
lands, and there is no reason why municipal corporations
should not have the benefit of it. Beach on Public Corpo-
rations, S. 754; see Clark v. Manchester, 62 N. H. 577.

APPELLEE'S BRIEF, T. N. GREEN AND W. R. CURRAN,
ATTORNEYS.

The appellee conceded the general rule to be that the
private owner or occupant of land is under no legal obli-
gation to a stranger, capable of exercising ordinary care
and guilty of technical trespass in coming upon his close; to
place guards around excavations or pits, on his premises, or
even to drain or fill them up, to prevent such trespasser
from harm or injury by falling therein. While this is a
general rule of law founded on reason and common sense, yet
it has many exceptions, which are equally well founded and
supported by reason. If the land of a private owner is sit-
uated in the midst of a populous city, or in a public place,
adjacent to public streets or roads and alleys, and he keeps
or maintains thereon dangerous machinery, gates or turn-

tables, dangerous pits or ponds of water, which he has made and excavated for his own use, adjacent to such public streets and alleys and which he has notice are attractive to children of tender years, incapable of exercising ordinary care or discretion, and which do attract children of that character, then the law is that such private owner must use reasonable care and diligence to protect such children from harm in coming on his premises, without fault on the part of their parents, and the fact that such children are technically guilty of trespass in coming on his premises will not defeat an action for damages sustained by them in meddling with his machinery, gates or turn-table, or falling into the water in such excavations and being drowned. This exception is based upon the dangerous character of the machinery or other things maintained by the owner on his premises, the proximity of the place to public thoroughfares, its attractiveness to children of tender years, and the inability of such persons as have not arrived at years of discretion to exercise ordinary care.

In support of this exception to the general rule appellee cited the following authorities: Sioux City & P. R. R. Co. v. Stout, 17 Wall. 657; 21 L. Ed. 745; Union Pacific R. R. Co. v. Demden, 37 Kan. 1; Evensich v. G. C. & I. T. R. R. Co., 57 Tex. 123; Kansas Central R. R. Co. v. Fitzsimmons, 22 Kan. 686; St. Louis & V. R. R. Co. v. Bell, 81 Ill. 76; Ferguson v. The Columbus & Rome Ry. Co., 75 Ga. 673; 77 Ga. 102; Berge v. Gardner, 19 Conn. 509; Daily v. N. & W. R. R. Co., 26 Conn. 590; O'Marra v. Hudson River R. R. Co., 38 N. Y. 445; Keffe v. Milwaukee & St. Paul R. R. Co., 22 Minn. 207; Schwartz v. Gilmore, 45 Ill. 455; Gulf Ry. Co. v. McWherter, Amer. R. R. Corp. Repts., Vol. 3, page 158; Loomis v. Terry, 17 Wend. (N. Y.) 497; Hydraulic Works Co. v. Orr, 83 Penn. 332; Mackey v. City of Vicksburg, 64 Miss. 777; Harris on Dam. by Corp., Vol. 1, Sec. 465, 466; Jones on Neg. of Muni. Corp., 286, Sec. 150; The City of Joliet v. Verley, 35 Ill. 58; Pennoyer v. City of Saginaw, 8 Mich. 534; Cumberland & Oxford Canal Co. v. City of Portland, 62 Me. 504.

Negligence is not imputable to an infant of tender years who is incapable of, exercising ordinary care or discretion. Kerr v. Forgue, 54 Ill. 482; C. & A. R. R. Co. v. Gregory, 58 Ill. 226; City of Chicago v. Hesing, 83 Ill. 204; City of Chicago v. Major, 18 Ill. 349; Wick v. Lander, 75 Ill. 99; C. & A. R. R. Co. v. Baker, 84 Ill. 486.

Dillon, in his work on Municipal Corporations, Vol. 2, page 1210, 4th edition, uses the following language upon similar grounds: "Municipal corporations are liable for the improper management and use of their property to the same extent and in the same manner as private corporations and natural persons." In support of this proposition he cites, among other cases, Mackey v. Vicksburg, 64 Miss. 777. The same author, also, Vol. 2, page 1331, states: "A municipal corporation is liable to the same extent and on the same principles as a private person or corporation would be, under like circumstances, for the negligent discharge or the negligent omission to discharge such duty resulting in an injury to others." And in note (1) to this clause, same page, states: "In general a municipal corporation has no more right than a natural person to create and maintain a nuisance and is liable for injuries occasioned thereby in any case where a private person would be liable under like circumstances." See also the following cases: Thayer v. City of Boston, 19 Pick. 516; Bailey v. City of New York, 3 Hill, 531.

The decisions of the Supreme Court of this State are in accord with this view of this subject. Allen v. City of Decatur, 23 Ill. 332; City of Chicago v. Joney, 60 Ill. 383; City of Chicago v. Dermody, 61 Ill. 431; City of Chicago v. McGraw, 75 Ill. 566; City of Joliet v. Shufeldt, 144 Ill. 403; Gregsten et al. v. City of Chicago, 145 Ill. 464.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

The appellee brought an action on the case against the appellant for having negligently caused the death of Frank McMahon, and recovered a judgment for $1,600, from which the present appeal is prosecuted by the city.

It appeared that the city owned three lots within the corporate limits from which it had removed large quantities of

gravel for the purpose of improving the streets, thereby causing a deep pit in which water accumulated. This pit was in the settled part of the city very close to a street and was uninclosed. Children of the vicinity were in the habit of playing in and about the pond thus formed, and the deceased, a boy of less than nine years of age, while so playing there, fell into the water and was drowned.

It may be said without much difficulty that there was no want of ordinary care on the part of the deceased or his parents. The boy had, a few moments before, been given leave by his mother to go out on the street to play, and having been permitted to ride a short distance in the wagon of the witness Soady, to a point near the pit, went there with another boy and undertook to get on a log that was floating near the margin and so fell in.

The action of the deceased was not different from what might ordinarily be expected of one of his years.

The real question in the case was whether the act of the city in making and maintaining the pond can be considered legal negligence upon which the plaintiff may predicate recovery.

It is argued that the pond was upon the private property of the city; that it was not in a place dedicated to the public, nor where the public might lawfully go; that the deceased was a trespasser and having gone there without invitation, or even permission, the city is not answerable. The position is that the city owed no duty to the deceased, and therefore it was guilty of no negligence.

It is not urged on behalf of appellee that, ordinarily, the owner of private property upon which there may be a pond, dangerous to children, is liable, if, without invitation, they should go upon his premises and fall into the water, but as we understand, the position is that in this case the circumstances which take it out of the general rule are that the pond was readily accessible from the street and that by reason of the situation and surroundings it was so attractive to children that the city should have either fenced it securely or drained it. The case is not free from difficulty. It is

close to the line of non-liability and yet, as suggested on behalf of appellee, it has peculiar features which to some extent, at least, distinguish it from the ordinary case of a pond or dangerous structure maintained upon private grounds.

Examining adjudged cases, similar in their facts, it will be found that the authorities are not harmonious.   In Clark v. Manchester, 62 N. H. 577, very much like the case at bar, it was held the city was not liable.   On the other hand, in Markey v. City of Vicksburg, 64 Miss. 577, where the city had excavated on its own property, leaving a high bank or precipice over which a child, six years of age, in playing, fell and was injured, the city was held liable.

It is not necessary to cite and discuss other cases where the liability of a city has been considered upon similar or analogous facts.

Turning to the line of cases against private owners, for damages sustained, by having dangerous machines or appliances on their own premises, near the public streets, and attractive to children, it will be found that there has been judicial recognition of liability in some instances, which would seem to be an exception to the general rule that the owner of private premises is not responsible to those who, in trespassing thereon, are injured by reason of dangerous excavations, or structures which he may have permitted to remain thereon.

The "turn-table cases," as they are called, are notable. Railroad Co. v. Stout, 17 Wall. 657; Keffe v. M. & S. P. Ry. Co., 21 Minn. 207; Kansas C. R. R. Co. v. Fitzsimmons, 22 Kan. 686; Koons v. St. L. & I. M. R. R. Co., 65 Mo. 592.

In these cases it is held that a turn-table left in an open and frequented place, though on private grounds, being attractive to children, should be fastened; that the attractive character of the structure has the savor or quality of an invitation to children, and presents such a temptation as might be expected to allure them to it, and that in omitting to fasten it, the owner has simply provided a trap which will, with almost unerring certainty, ensnare a child of tender years.

Here the argument is that where a dangerous condition has been produced, with circumstances equivalent to an invitation, the law will raise a duty to use all reasonable means to guard against an injury that might naturally be foreseen, and the omission to do so is negligence. In the case of St. L. & V. R. R. Co. v. Bell, 81 Ill. 76, the plaintiff, a boy of nine years, was injured in riding on a turn-table. It appeared that the turn-table was not near a public street, nor in a place where the public were in the habit of passing, and that it was fastened by a latch which prevented it from being turned by accident, but it was not locked. It was held that in view of the isolated position in which the turn-table was located, the proofs failed to show that the railroad company was guilty of such want of care as to charge it with liability.

That case is clearly distinguishable from those above referred to, and the ground upon which the exemption is placed by the court, clearly implies that under different circumstances as to location, etc., a different conclusion would have been reached.

In Hydraulic Works Co. v. Orr, 83 Penn. St. 332, a boy was injured by the falling of a platform which was so adjusted that a slight jar or pull would cause it to drop forward. It was on the private premises of the defendant, but was near a public and much frequented street, the passage way to which was often left open, and liable to the incursions of children who were playing about the street. The court said : " It is true where no duty is owed, no liability arises * * * but it has often been said that duties arise out of circumstances.

" Hence, when the owner has reason to apprehend danger, owing to the peculiar situation of property and its openness to accident, the rule will vary.

" The question then becomes one for a jury, to be determined upon all its facts of the probability of danger and the grossness of the act of imputed negligence. * * *

" Now can it be said that the owner of such a dangerous trap, held by no fastening, so liable to drop, so near a public thoroughfare, so often open and exposed to the entries of

persons on business, or by accident, or from curiosity, owes no duty to those who will probably be there?

"The common feeling of mankind as well as the maxim *sic utere tuo ut alienum non lædas*, must say this can not be true; that this spot is not so private and sacred that a man may keep dangerous pits or deadfalls there without a breach of duty to society."

And the court held that the question was one for a jury, whether, under the circumstances, there was negligence on the part of the defendant.

In the note by the reporter to the Fitzsimmons case in 31 Am. Rep. 206, will be found a very interesting collection of cases bearing on the point in question.

We are inclined to hold in the case at bar, that the proximity of the pit to the street where children were frequently playing, and the obvious fact, that, by reason of the water, it was alluring and dangerous to children, should have induced the city to guard against accidents by a fence, or, if that was impracticable, the pit should have been drained or filled.

Had it been in a place remote and apart from the settled portion of the city, not so near a street as to be a temptation to children playing there, very different considerations would apply. It was shown that children were much in the habit of resorting there, and often fell in, but with no fatal results before the present case. This was known to the city officials. The evidence tended to show negligence in view of the probable danger and of the attraction, which, in a legal sense, may be regarded in the light of an invitation, to children, and the question was properly submitted to the jury. As in Hydraulic Works Co. v. Orr, *supra*, and in other cases, we think very great weight is to be attached to the location of the pit.

It was so near the public streets and so accessible, that children playing in that vicinity would inevitably be enticed there. It could hardly be expected to be otherwise, and, as was said in the case last cited, it can not be true that the place was so private and secluded as that such a dangerous

City of Pekin v. McMahon.

condition could be maintained without a breach of duty to society.

This disposes of the principal point in the record, and it is not necessary to consider the objections urged to the instructions, which were given upon the general view we take of the case.

It is, however, objected that the court erred in admitting proof of the city ordinance, which declared as a nuisance any pit or excavation upon private premises of such a character as to be dangerous, etc., and providing a penalty against the party responsible therefor in case of his failing to abate, by filling or covering, or securely fencing the same. It is argued on behalf of the appellee that this evidence was competent as tending to show that the pit was a nuisance, because it was within the terms of the ordinance.

This ordinance was, of course, applicable to private owners only. The city could not have been prosecuted under its own ordinance, and the most that can be said in favor of the proof is, that it was in some sense a declaration of the city that such an excavation, if dangerous, is a nuisance.

The important question would remain whether it was, in fact, dangerous. Admitting that the proof was not relevant because it did not throw light upon the issue, we do not see that its effect was, or probably was, so prejudicial as that the jury were induced thereby to find against the city, and so the error should not work a reversal for the judgment.

A final objection is that by the judgment as entered, an execution is to issue against the city. This, of course, is error.

From a certified copy of the judge's minutes it appears that it was probably a mistake of the clerk in writing up the record, as no such order is to be found in the minutes.

Such a mistake will not deprive the plaintiff of his judgment, and an order will be entered here making the necessary correction and directing the Circuit Court to amend its record accordingly.

The judgment will be modified in that respect, and as modified will be affirmed.