104    APPELLATE COURTS OF ILLINOIS.

VOL. 65.]        Pollard v. School Dist. No. 9.

---

## Anna L. Pollard v. School Dist. No. 9.

1.   SCHOOLS—*Employment of Teachers—Certificate.*—Prior to July 1, 1893, the statute provided that no teacher should be entitled to any portion of the school fund, or be employed to teach, who had not at the time of the employment a certificate of qualification; but by the amendment in

Pollard v. School Dist. No. 9.

force on the day mentioned, it is sufficient that the teacher have the certificate " at the time he enters upon his duties as such teacher."

2. SAME—*Directors Must Act at a Meeting, etc.*—Section 19 of article 5 of chapter 122, R. S., entitled " Schools," provides that no official business shall be transacted except at a regular or a special meeting, but the fact that the directors proceed informally and make no record of their meeting does not affect the validity of what they did, so far as hiring a teacher is concerned.

**Assumpsit**, breach of contract. Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

W. G. COCHRAN, attorney for appellant.

JOHN R. & WALTER EDEN, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellant to recover damages for the failure of the appellee to permit her to teach the district school, pursuant to an alleged contract for that purpose.

The evidence tended to prove that in July, 1894, appellant had interviews with the directors separately in reference to a proposition made by her to teach their school at $30 per month, that the three directors met at the residence of one of them for the purpose of considering the matter, and that they then accepted the offer.

When the time came to open the school she went to the school house, but found it locked, and the directors declined to permit her to teach. Having made this proof, the appellant offered in evidence her certificate of qualification, which was dated subsequent to the time of the alleged contract but previous to the time when the school was to begin.

The defense moved to exclude the certificate because the plaintiff did not have it at the time of the making of the alleged contract of employment. The motion was sustained and then the court instructed the jury to find for the defendant.

106    APPELLATE COURTS OF ILLINOIS.

VOL. 65.]          Pollard v. School Dist. No. 9.

Prior to July 1, 1893, the statute provided that no teacher should be entitled to any portion of the school fund or be employed to teach who had not at the time of the employment a certificate of qualification, but by the amendment in force on the day mentioned, it is sufficient that the teacher shall have the certificate " at the time he enters upon his duties as such teacher." Art. 7, Sec. 5, Ch. 122.

The attention of the court was not directed to this amendment presumably, and therefore the certificate was excluded.

As the alleged employment of the appellant was subsequent to this change in the statute it was error to exclude the certificate. Appellee argues that the appellant could not make a valid contract binding upon the district unless she then had the certificate, but this is clearly in the face of the amendment, which was for the purpose of removing the disability imposed by the section as it previously read.

It is also urged in behalf of appellee that the supposed contract was not made at any formal meeting of the directors and was invalid for that reason.

The statute provides that no official business of the board shall be transacted except at a regular or a special meeting. Sec. 19 of Art. 5, Ch. 122. The directors met specially for the purpose of considering this matter, and while their session was somewhat informal, and while it does not appear that a record of it was made, yet we think it was a special meeting at which they might legally transact official business. The evidence tends to show that such was their object and purpose and that, as they knew, it was so understood by the appellant. That they proceeded informally and made no record should not affect the validity of what they did, so far as appellant is concerned. It follows that the court erred in directing the jury to find for defendant.

The judgment will be reversed and the cause remanded.