### City of Canton v. Sophie B. Dewey.

1. NEGLIGENCE—*Finding as to Approved.*—The evidence in this case shows a clear case of negligence on the part of appellant, and the court is not able to say that the jury were wrong in finding appellee not guilty of contributory negligence.

2. EXECUTIONS—*Award of, Against Municipal Corporations Not Reversible Error.*—It is error to award executions against a city, but such error will not deprive the plaintiff of the benefit of his judgment, as a court of review will order the necessary corrections and direct the court below to amend its record accordingly.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Fulton County; the Hon. JEFFERSON ORR, Judge, presiding. Heard in this court at the May term, 1897. . Affirmed. Opinion filed September 13, 1897.

FRED H. SNYDER, attorney for appellant.

CHIPERFIELD, GRANT & CHIPERFIELD, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of $1,000, rendered against appellant in an action on the case brought by appellee to recover for injuries sustained by her in falling into a trench allowed to remain exposed on one of appellant's streets, which was being paved.

It is contended, first, that the city was not guilty of negligence; second, that appellee was guilty of such con-tributory negligence on her part as to preclude a recovery.

The evidence in the record shows that while the city was

grading and paving one of its principal streets, known as North Main street, its grade was lowered between two and three feet at its intersection with West Spruce street, leaving the grade of the sidewalk unchanged. The old crossing had been removed and a trench two feet deep had been dug for the setting of the curbstone. Into the trench the curb had been placed, extending above it several inches, so that one passing over that line of travel would have to step over the curb. The spaces between the curbstone and the sides of the trench had been but partially filled at the time of the accident. Appellee, while attempting to make the crossing in the night time, had her foot caught between the side of the trench and the curbstone, and was thereby thrown forward with such violence as to break her left leg below the knee.

A preponderance of the evidence shows that the place was not barricaded, and that no signal lights were placed out to give warning to pedestrians of its dangerous character. The evidence shows a clear case of negligence on the part of the city.

Appellant contends that appellees knew the place in the street at which she received her injury was undergoing improvement, and that it was dangerous, and that it was such negligence in her attempting to cross over it in the dark as to preclude her right to recover.

The testimony of appellee was that she did not know of the dangerous condition of the trench and curb, but supposed the improvement extended only to the paving of the street, and that the sidewalk and crossing were open for use. What knowledge she had in that regard was a question of fact for the jury, and we are not disposed to say that the jury were wrong in believing her.

The jury were properly instructed, and no error was committed in refusing certain offered instructions.

To the contention that improper remarks were made to the jury in the concluding argument of appellee's counsel, it is sufficient to say that no such remarks were preserved in the bill of exceptions.

The court erred in awarding an execution on the judgment against the city, of course, but such error should not deprive appellee of her judgment. The judgment will be modified by eliminating so much of the order as awards execution, and as modified will be affirmed. The clerk of this court will certify to the Circuit Court an order modifying the judgment so that the record there may be corrected. City of Pekin v. McMahon, 53 Ill. App. 189, affirmed in 154 Ill. 141. The clerk will not enter judgment against appellee for the costs, however, but will tax same against appellant.

Judgment affirmed.