## School Directors of District No. Two, etc., v. M. J. Orr.

1. SCHOOLS—*When Teacher's Certificate is Necessary.*—If the teacher has a certificate at the time school opens it is sufficient.

2. SAME—*Burden of Proof to Show What Teacher Earned.*—Where a teacher is prevented from teaching according to the terms of the contract, the burden of proving what he earned or might have earned as a set-off to reduce his damages for the breach of the contract, is upon defendants.

3. HARMLESS ERROR—*Will Not Justify Reversal.*—Where an error does not go to the merits of the case, the judgment should not be reversed because of it.

Assumpsit, for breach of contract. Appeal from the Circuit Court of Wayne County: the Hon. ENOCH E. NEWLIN, Judge, presiding. Heard in this court at the August term, 1899. Judgment affirmed as modified. Opinion filed March 16, 1900.

CREIGHTON & THOMAS and W. T. BONHAM, attorneys for appellants.

CREIGHTON, KRAMER & KRAMER and J. R. HOLT, attorneys for appellee.

MR. PRESIDING JUSTICE BIGELOW delivered the opinion of the court.

From appellants' statement of the case it appears that this suit was brought by appellee against appellants for a breach of a contract by appellee with appellants to teach a five months term of school at $35 per month. Appellee claimed the contract was made April 19, 1897, and the term of school was to commence October 4th of that year. At the time of the claimed date of the contract, appellee had no certificate of qualification as a teacher, nor did he secure one until about September 4th of that year, although he had been examined in the month of July previous.

After he failed to secure a certificate at his July examination the appellants learned of the fact, and before he received his certificate on September 4th, they employed another person to teach the school, and when appellee went to begin teaching he was prevented from doing so by appellants.

After the expiration of the school term, appellee sued appellants in assumpsit and recovered a verdict and judgment for $97.70, from which the directors of the school district have appealed.

Counsel for appellants in their statement say that "most of the facts are uncontroverted," and they commence their argument by saying :

"Aside from the fact that the evidence in this case sufficiently preponderates in favor of appellants to have warranted the trial courts in setting aside the verdict, there are at least three other grave errors in the record, either one of which is sufficient cause for reversal, viz.: the instructions of the court upon the question of teachers' certificates; his instructions upon the measure of damages, and the awarding of a general execution upon the judgment."

We are unable to agree with the counsel in regard to the preponderance of the evidence, and are of the opinion that it decidedly preponderated in favor of appellee, and that neither the jury nor the court made any mistake in that respect.

Plaintiff's instruction complained of, relates to the time

when appellee should have had his certificate of qualification to teach, the contention of appellants being that appellee should have been possessed of it at the time the contract was made, while the instruction told the jury that if he was possessed of it at the time he was to begin teaching it was sufficient. The question on this contention was determined by the Appellate Court of the Third District in the case of Pollard v. School District No. 9, 65 Ill. App. 104, where the court held that if the teacher had her certificate at the time her school was to open, it was sufficient under the law as it now is. We are satisfied that the holding in that case is correct, and the contention of appellants is unsupported by the law; see Laws of 1893, p. 181; Hurd's R. S. 1895, Chap. 122, Art. 7, Sec. 5.

Appellants' refused instruction on the measure of damages, of which complaint is made, was as follows :

" The jury are instructed that before the plaintiff can recover in said suit he must show by a preponderance of evidence that he made a reasonable effort to obtain similar employment for the time covered by the alleged contract and failed, and unless you so believe you should find for the defendants."

As modified and given it is as follows :

" The jury are instructed that before the plaintiff can recover in the said suit, he must show by preponderance of evidence that he made a reasonable effort to obtain another school to teach or obtain similar employment for the time covered by the alleged contract, and failed, and unless you should so believe, you should find for the defendants."

The only evidence in the record on which it is claimed the instruction is based, was given by appellee as follows :

" I had partial occupation, and was around the county and kept inquiring one place and another of different parties, if they knew of any school that was vacant. There was none in that section. I was unable to get any other school."

It does not appear from this evidence that appellee ever received or even earned a cent during the term he was to teach, but his " occupation " seems to have been traveling around in search of a school to teach.

The evidence was insufficient to base an instruction upon.

What appellee could have earned, appellants could have claimed the benefit of only as a set-off, to reduce appellee's damages for the breach of the contract, and the burden of proving what he earned, or might have earned, was upon appellants. School Directors v. Crews, 23 Ill. App. 367; Brown v. Board of Education, 29 Id. 572; School Directors, etc., v. Stilley, 36 Id. 133.

The instruction as asked, as well as when modified and given, was erroneous, but appellants have no reason to complain. It is not often that counsel complain of errors that benefit their side of the case.

It was error to award execution on the judgment, but the error does not go to the merits of the case, and therefore the judgment should not be reversed because of it. The judgment will be modified by eliminating the order awarding execution, and as so modified will be affirmed. City of Flora v. Naney, 31 Ill. App. 493, 136 Ill. 45; City of Pekin v. McMahon, 53 Ill. App. 189, 154 Ill. 141.