## The Missouri and Illinois Coal Company v. William J. Reichert, et al.

1. TRUSTEES—*when, as successors to original trustees, may maintain action.* The successors of original trustees named in a will may maintain an action for royalties accruing under a lease without a formal transfer of such lease having been made to them.

2. TRUSTEES—*what does not defeat right to recover upon lease.* The mere fact that the record does not show that the trustee plaintiffs had given bonds, will not defeat their right to recover upon a lease held by them as trustees of the estate of the deceased lessor.

3. COLLATERAL MATTERS—*when proof of, immaterial.* In an action upon a lease for an unpaid balance of royalties, it is improper to permit comparisons between the output of the mine in question and other mines, especially when all the material conditions and methods are not established as identical.

Action of assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. ROBERT D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

CRIGLER & KELLEY and M. W. SCHAEFER, for appellant.

L. D. TURNER and DILL & WILDERMAN, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a suit in assumpsit, in the Circuit Court of St. Clair county, by appellees against appellant, to recover a balance of royalty alleged to be due to appellees for coal mined and taken by appellant from certain coal lands worked by appellant under a mining lease, which appellant held as assignee of the original lessees. The declaration

consists of a special count and the common counts. To the declaration appellant filed the general issue, and a plea of payment. Trial by jury. Verdict and judgment in favor of appellees for $8,000.

The grounds urged by counsel for appellant in support of their demand for a reversal, are: "That the action is not brought in the name of the right parties;" that the trial court admitted improper evidence; that the trial court gave two improper instructions on behalf of appellees, and refused to give two proper instructions asked on behalf of appellant.

On May 7, 1891, Joseph Reichert and Maria Reichert executed a mining lease to Crittenden McKinley and William S. Scott, for a term of fifteen years. By the terms of the lease the lessees were to have the use of certain three acres of land, free of rent, and the right to mine and remove and convert to their own use coal from under a large body of contiguous land. For this the lessees were to pay one-eighth of one cent per bushel, as "rent or royalty," for all such coal dug out and carried away, "as shall or would pass over a screen with spaces measuring one and one-half inches between the bars. The amount thereof to be determined by the railroad freight bills and weighmaster's certificates or tickets, or upon other good and sufficient evidence that will satisfy said parties of the first part"

On the 14th day of May, 1891, the lessees named in said lease assigned and transferred it to appellant, and appellant entered into possession thereunder. On August 22, 1903, Joseph Reichert died, leaving him surviving Maria Reichert, his widow and co-lessor, and Louisa Serth, Maria Comar, George Reichert, Katie Becker, William J. Reichert, Emma Renter, Angelina Barthel and Ida Dunn, his children and only heirs at law. On the 25th day of September, 1893, the widow of the lessor, Joseph Reichert, together with all the said children and their respective wives and husbands, executed and delivered to Maria Reichert and August Barthel an instrument in trust conveying together with a large lot of other lands, those from under

which the right to mine and take coal had been granted in the above mentioned lease. This conveyance, however, was made subject to said lease, but it contains a provision that the trustees shall receive all rents, royalties, issues and profits. This trust instrument also provides that if the trustees, or either of them shall die, or desire to be discharged, then a majority of the heirs, or a majority of the survivors, may nominate and substitute any person or persons to be trustee or trustees in place of said trustee or trustees dying or desiring to be discharged, and that so often as any new trustee or trustees shall be so appointed, "all real estate which shall, for the time being, be holden upon the trusts hereof, shall be thereupon conveyed, transferred and assigned respectively in such manner that the same may become legally and effectively vested in the acting trustees hereof, for the time being, to and for the same uses  *  *  *  and every new trustee shall from the time of filing his bond  *  *  *  be competent in all things to act in the execution of said trust." After entering upon the discharge of their duties, one of the trustees named in the instrument died and the other resigned, and on May 18, 1896, appellees were duly nominated and substituted as trustees, and entered upon the discharge of their duties as such, and so continue to the present time, and were so recognized and dealt with by appellant from the day of their appointment to the day of the trial of the case at bar.

It was contended on the trial and is contended here, that appellees are not the proper parties to bring this suit. In support of this contention it is insisted that in being substituted as trustees the title to the land did not pass to them, that to pass the title to them deeds of conveyance by all the beneficiaries should have been executed to them, and that without having the title to the lands in them they could not maintain this suit.

We cannot agree with counsel upon this proposition. As to the lease involved in this suit, and that is all we are concerned with here, it was put in trust, and appellees are the successor trustees vested with all the rights and clothed

with all the powers of the original trustees. The fee title to the land is not necessarily involved in this suit. In this connection it is suggested that the record does not show that these trustees had given bond. We regard that as immaterial in this case. We are of opinion the trial court did not err in refusing to direct the jury to find for appellant, and also that the court did not err in denying appellant's motion to dismiss the case.

During the progress of the trial, appellee, Reichert, while upon the stand as a witness, produced certain statements which he testified were given him by the agent of the Illinois Central Railroad Company, and in connection therewith he testified to what the agent told him, and that the agent gave him what the agent said was a statement from the books. He also testified to what the agent at Belleville and the agent at Freeburg told him, and to the contents of the statements, and to computations made by him from these statements, and the statements were admitted in evidence. All this was permitted over objections of appellant, and was error. None of it was competent. This same witness and others were allowed to testify to the amount of royalty received, per acre, upon another mining lease. This other mine was known as the Randall mine. This witness was allowed to testify to computation he had made of the number of bushels of coal contained in an acre of land. Upon the state of record appearing here, all this evidence was improper, and the court erred in admitting it. In this connection it must be borne in mind that it is not a suit for a failure properly to work the mine, or a failure to take out all the coal that ought to have been taken out, or for breaking the coal too small, or for a failure for any other reason to make the mine produce what it might or ought to have been made to produce, but is a suit to recover the alleged unpaid balance of one-fourth of one cent per bushel, for the coal actually taken out that actually did, or would have passed over a one and a one-half inch screen. Before a comparison of the output of another mine could be of any value upon the crucial issue in this case, it must

be established much more clearly than is done in this record, that all the material conditions and methods were similar.

We are of opinion the trial court erred in giving the second instruction, given on behalf of appellees. It assumes that appellant had not paid any royalty on "mine run coal," and the state of the evidence does not warrant such assumption. We are also of opinion that appellees' third instruction is erroneous. It authorizes the jury to find for appellees, for all the coal that did not pass through East St. Louis, when the undisputed evidence is that appellant had paid royalty on some coal that did not pass through East St. Louis.

Appellant's first refused instruction was properly refused. It is a mere abstract proposition, and well calculated to mislead a jury.

Appellant's second instruction, although slightly defective, is in substance good, and might properly have been given.

For the errors above noted, the judgment of the Circuit Court is reversed and the cause remanded.

*Reversed and remanded.*