## Missouri & Illinois Coal Company v. William J. Reichert et al.

VERDICT—*when not disturbed as against the evidence.* A verdict based upon conflicting evidence will not be disturbed as against the weight of the evidence unless clearly and manifestly so.

Assumpsit. Appeal from the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 17, 1907.

L. P. CRIGLER and SCHAEFER & FARMER, for appellant.

DILL & PFINGSTEN and L. D. TURNER, for appellees.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellees for royalties claimed to be due them under a coal mining contract, covering certain premises in St. Clair county, Illinois.

Upon the first trial of the case in the Circuit Court there was a judgment in favor of appellees for $8,000. An appeal was taken to this court by the coal company, where the case was reversed and the cause remanded for errors committed in the trial below. See Missouri & Illinois Coal Co. v. Reichert, 119 Ill. App., 148, where there is a full statement of the facts upon which the action is based.

Upon the second trial appellees filed an additional count to the orignal declaration, alleging that appellant had failed to properly work the mine in a way to produce the greatest quantity of coal that would pass over a screen, with spaces measuring 1½ inches between the bars, according to the custom of mining coal by hand mining, which was the custom of mining coal at the time the lease was entered into and made a part of the contract; that since 1897, appellant adopted a different method of mining coal and broke the coal so small more of it would pass through a screen with spaces measuring 1½ inches between the bars, than was contemplated in the lease; that appellant failed to take out from under the surface, all the coal that ought to have been taken out and failed to make the mine produce what it ought to have been made to produce, by proper methods of good mining, in accordance with the terms of the lease; that appellant wasted and destroyed said coal and shot it to pieces with powder, contrary to the terms of the lease and failed to mine and screen said coal as required by the lease, by means whereof appellees were deprived of a large amount of rents and profits, which they otherwise would and ought to have received, and that appellant sold large quantities of coal as mine run and arbitrarily estimated an amount and deducted the same for screening, contrary to the terms of the lease.

Appellant filed a plea of the general issue, a special plea of payment and two pleas, setting up the Statute of Limitation. A jury was waived and a trial had before the court, which resulted in a judgment in favor of appellees for $1,500. Upon the second trial, the errors which caused the reversal of the judgment on the first trial, were avoided and the trial

was conducted in accordance with the views of the law, expressed by this court in its former opinion.

Appellant insists, as it did in the former appeal, that appellees, the trustees, were not proper parties plaintiff in this suit. The question was fully discussed and disposed of contrary to appellant's contention in the opinion of this court, filed upon the former appeal, and we are entirely content with the views there expressed upon this subject.

Appellant also claims that the evidence did not support either count of the declaration, and that the court erred in not finding there was nothing due appellees under the contract.

It appeared from the proofs that from the time appellant began to operate the mine under the contract of 1891, up to the year 1897, the coal mined was screened and the contract in relation thereto was to a greater or less extent complied with; that after the passage of the law of 1897, requiring coal operators to pay the miners for all coal mined and to put scales in the mine, so that the miners could weigh the coal, no attempt was made by appellant to screen the coal in the manner provided for by the contract; that since that time appellant has produced and sold principally what is known as mine run coal, where the screenings and dirt are mixed with the lump coal, although some coal appears to have been run over screens, which were partly closed down. Appellant claims that where mine run coal is produced, there is no method of ascertaining the amount of screenings and amount of lump coal, except by estimating it, based upon actual tests made at the mine with a screen of the kind provided for by the contract, and that this method was followed by it in determining the amount of screenings. On the other hand appellees claim that since the new method of mining was instituted in 1897, appellees did not receive as much royalty as they did prior to that time, and that the evidence established, either that appellant had not paid royalty on all the coal mined, or that it did not make the mine produce all the coal it should have produced. The evidence introduced

upon the controverted questions tended to support both counts of the declaration.

It is exceedingly difficult, if indeed possible, to ascertain the exact amount of coal for which appellees should have received pay under the contract. Appellees claim that appellant had mined 120 acres of coal; that the vein was about six feet in thickness and would produce 6,000 tons to the acre, while their allowance for screenings does not appear to be definitely fixed. On the other hand appellant claims that the actual coal mined only consumed 100 acres; that while a six-foot vein, if solid, would produce 6,000 tons per acre, after leaving the necessary and usual supports, yet that this mine had a great number of "horsebacks and faults" and these defects in the mine caused a greater amount of screenings than there would ordinarily have been, and caused the mine to produce less than the usual amount of coal to the acre, and that there should be allowed at least 1-3 of the actual coal mined for screenings. As far as can be determined from the result arrived at, the court below appears to have adopted appellant's theory as to the number of acres mined and the amount that should be allowed for screenings of coal actually mined. In determining the amount of coal actually mined, the court does not appear to have adopted the theory of either party entirely, but to have considered all the estimates made by the witnesses for the respective parties, together with the check-weighman's sheets for certain portions of the time.

From a careful examination of the evidence, we are satisfied with the result arrived at by the court below, and are of opinion that the judgment does substantial justice to all the parties interested.

By inadvertence the court below gave judgment in "favor of the plaintiff W. J. Reichert," when the judgment should have been in favor of William J. Reichert and Charles Becker. This error does not affect the merits of the case and it is unnecessary to reverse and remand the case because of it. School Directors v. Orr, 88 Ill. App., 648. The judgment will be modified so that it will appear to be granted in favor

E. St. L. & S. Ry. Co. v. Zink.

of the plaintiffs below, William J. Reichert and Charles Becker, and as so modified will be affirmed.

*Affirmed.*