[No. 7188.    Decided February 13, 1908.]

## J. W. KESTER, *Appellant*, v. SCHOOL DISTRICT No. 34 OF WALLA WALLA COUNTY, *Respondent.*[1]

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—ELIGIBILITY—ACTIONS
—WAGES—CERTIFICATE AS CONDITION PRECEDENT. Under Bal. Code,
§§ 2322 and 2416, requiring a certificate as a condition precedent to
the right to enter upon an employment as a school teacher and pro-
viding the necessary steps to obtain the same, a letter from the
county superintendent stating that a teacher's papers are sufficient
to entitle him to a certificate and that one will be issued on applica-
tion as provided by statute, is not the equivalent of a certificate, and
an action for wages will not lie where at the time of making the
contract and entering upon the service no certificate had been
obtained.

Appeal from a judgment of the superior court for Walla
Walla county, Brents, J., entered August 23, 1907, upon
findings in favor of the defendant, dismissing an action by a
school teacher to recover upon a contract of employment.
Affirmed.

*W. B. Mitton* and *Brooks & Bartlett*, for appellant.

*Rader & Barker*, for respondent.

[1]Reported in 93 Pac. 907.

RUDKIN, J.—In the latter part of January, 1907, the plaintiff entered into a contract with the defendant school district whereby the plaintiff undertook to teach in the school of the district for the remainder of the school term at a salary of $100 per month. On the 5th day of February, 1907, the plaintiff presented himself and requested that he be allowed to enter upon the discharge of his duties as such teacher, but such request was refused by the defendant. At the time the plaintiff entered into the contract to teach and at the time he presented himself and offered to enter upon the performance of his duties, the only certificate or authority to teach possessed by him was the following letter from the county school superintendent of Walla Walla county: "Telegram received this morning. Your papers are sufficient to entitle you to a temporary certificate, which will be granted upon application as per statute." On the foregoing facts the court below entered a judgment of dismissal, from which the present appeal is prosecuted.

Bal. Code, §§ 2322 and 2416 (P. C. §§ 7282, 7387), provides as follows:

"Sec. 2322. No person shall be accounted as a qualified teacher, within the meaning of the school law, who has not first received a certificate issued by the superintendent of public instruction, or who has not a state certificate or life diploma from the state board of education, or who has not a temporary certificate or a special certificate granted by the county superintendent according to law: Provided, That nothing in this section shall be construed as invalidating any certificate in force at the time of its passage, but the same shall remain in force for the period for which each was issued."

"Sec. 2416. Any teacher to whom a certificate has been granted by any county board of examiners in this state, or by lawful examiners in any state or territory, the requirements to obtain which shall not have been less than the requirements to obtain a certificate in this state, or any teacher holding a diploma or certificate of graduation from any state or territorial normal school, or from the normal department

of the university of the state of Washington, may present the same, or a certified copy thereof, to the county superintendent of any county in this state where said teacher desires to teach, and it shall be the duty of said county superintendent, upon such evidence of fitness to teach, to grant to said person a temporary certificate: Provided, That the provisions of this clause shall apply only to such teachers as were not residents of the county at the time of the last preceding examination, or were not able, by reason of sickness or other unavoidable cause, to attend said examination: And provided further, That the county superintendent may require of such a person a written statement of such facts, verified by affidavit."

Under these sections an action to recover salary or wages as a school teacher will not lie unless the plaintiff shows that he or she is regularly licensed to teach as provided by law. *Kimball v. School District No. 122*, 23 Wash. 520, 63 Pac. 213.

It seems to us too plain to admit of argument that a mere letter from a county school superintendent stating that an applicant's papers are sufficient to entitle him to a temporary certificate, and that such certificate will be granted on application as provided by statute, is not the equivalent of a temporary certificate. Where a certificate is required as a condition precedent to the right to enter upon an employment or exercise a privilege, a promise to grant the certificate on application will not satisfy the requirements of the law.

The judgment of the court below is therefore affirmed.

HADLEY, C. J., DUNBAR, FULLERTON, CROW, ROOT, and MOUNT, JJ., concur.