William J. Reichert et al., Plaintiffs in Error, v. Missouri & Illinois Coal Company, Defendant in Error.

Landlord and tenant—*when relation not established.* *Held,* that the trial court was justified in holding that the proof failed to show the relation of landlord and tenant existed between the parties to this suit at the time the action was commenced and that therefore no recovery could be had.

Forcible detainer. Error to the Circuit Court of St. Clair county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

DILL & PFINGSTEN, L. D. TURNER and L. D. TURNER, JR., for plaintiffs in error.

L. P. CRIGLER, J. R. McMURDO and N. C. LYRLA, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a suit in forcible detainer, brought by plaintiffs in error to recover from defendant in error the possession of the coal under certain premises, in St. Clair county, Illinois, which it was alleged defendant in error was unlawfully withholding from plaintiffs in error. The cause was instituted before a justice of the peace, and on appeal to the Circuit Court was tried without a jury.

Plaintiffs in error offered in evidence the declaration and judgment in a certain cause, brought to the September term, 1903, of the St. Clair Circuit Court, which were admitted in evidence, subject to the objection of defendant in error.

The declaration was in the name of William J. Reichert, as plaintiff, and the defendant in error here, as defendant, and alleged that for certain rents, Joseph Reichert, leased to Crittenden McKinley and William S. Scott, their heirs, administrators, executors and assigns, the right to take the coal under certain lands, the same being the premises in controversy in this suit; that the defendant therein became the successor by proper assignment of said lease to the right of said McKinley and Scott; that Joseph Reichert was deceased and that the plaintiff was his successor as heir and by proper assignment of the parties interested in the lease; that the defendant had

330     APPELLATE COURTS OF ILLINOIS.

Reichert et al. v. Missouri & Illinois Coal Co., 151 Ill. App. 328.

mined twenty-four million bushels of coal, amounting in the aggregate to the value of $30,000, for which it had not paid, to the damage of plaintiff of $15,000 for rent and royalty, a copy of the lease being attached to the declaration. An amended declaration was also admitted in evidence, subject to the objection of the defendant, which was the same as the original declaration, except that Charles Becker was joined as plaintiff with William J. Reichert, and it was stated that those two were appointed by the heirs of Joseph Reichert as successors in trust, to perform the duties set out in an instrument in writing, therein described, wherein certain persons, since deceased, had been appointed trustees by the heirs at law of Joseph Reichert, deceased, to collect the rent and royalties named in said lease. An additional count was subsequently filed stating that since the year 1897, the defendant in error had mined the coal in an improper manner and had failed to make the mine produce what ought to have been produced.

Plaintiff in error also introduced a judgment in said cause in favor of the said William J. Reichert for $1500, from which judgment an appeal was prayed to this court. They next introduced a notice from plaintiffs in error, demanding the payment of rent and stating that unless same was made by July 1, 1908, the lease of the premises in question would be terminated, and made proof of the service of said notice. Proof was also made that the sum of $1441.34 was still due and unpaid upon said judgment. This was all the evidence introduced by plaintiffs in error or in the case, as defendant in error introduced none on its behalf. The court below found the issues for the defendant and entered judgment against the plaintiffs for costs. No propositions of law were presented to the court and the question presented to us by counsel is, did the evidence introduced show proof of the existence of the relation of landlord and tenant between plaintiffs in error and defendant in error. Even if it could be con-

ceded that the proceedings, files and records in the former case, which were introduced in evidence here, showed the relation of landlord and tenant existed between the parties to that suit, yet defendant in error insists that it does not appear from the proofs that the parties in that suit were the same as the parties to this.

. The proofs show that suit was brought in the name of William J. Reichert, that afterwards the name of Charles Becker was added but that the judgment was in favor of said William J. Reichert alone. It is said by counsel for plaintiffs in error that this judgment was corrected and modified in this court, to which that case was appealed, so as to appear to have been granted in favor of William J. Reichert and Charles Becker (M. & I. Coal Co. v. Reichert et al., 133 Ill. App. 123). But that judgment as modified was not introduced in evidence, plaintiffs in error contenting themselves with introducing the judgment in the court below, alone. Even if that judgment as modified had been introduced in evidence, however, and was before us, it is only claimed that it would show a judgment in favor of William J. Reichert and Charles Becker and not in favor of William J. Reichert and Charles Becker, trustees, who are the parties plaintiff in this suit. The court below was therefore justified in holding that the proof failed to show that the relation of landlord and tenant existed between the parties to this suit at the time the action was commenced.

Another fatal objection to the right of the plaintiffs in error to recover is that the proofs also failed to show that defendant in error was in possession of the premises in question at the time of the commencement of the suit. The judgment of the court below is therefore affirmed.

*Affirmed.*