# Rolla C. Cramer, Appellant, v. Board of Education, Appellee.*

SCHOOLS—*promise to indorse certificate as not qualifying teacher.* Under Cahill's St. ch. 122, ¶ 291, providing a teacher must have a certificate of employment for the entire period thereof upon entering on his duties, a certificate of qualification for first grade schools must be indorsed for teaching in high school grades and the promise of the county superintendent to so indorse will not take the place of the indorsement.

Appeal by plaintiff from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1923. Affirmed. Opinion filed March 10, 1924.

DAVIDSON & FITHIAN, for appellant.

A. E. ISLEY, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The record discloses that on May 4, 1922, appellant was employed as a teacher in appellee's high school for the following year. Appellant then held a first grade elementary certificate issued by the superintendent of schools of Edgar county. He also had a written statement from the school superintendent of Jasper county to the effect that he had promised to indorse appellant's first grade certificate for high school grades and that he expected to live up to the promise. When he learned that appellant had applied to appellee for a position as teacher in its four-year high school he declined to indorse the certificate. His reason for so doing was that appellant was not a high school graduate and was not competent to teach a four-year high school and when he promised to in-

* Received from clerk of Appellate Court, August 8, 1927.

dorse the certificate he did so on the understanding that appellant was to apply for a position in another school that had a two-year high school.

Appellant admits that his certificate was never indorsed by the county superintendent of Jasper county. When appellee's school opened appellant appeared at the schoolhouse and tendered his services, which were not accepted. Later he brought suit to recover for a breach of the contract, which resulted in the direction of a verdict at the close of appellant's evidence.

Appellant concedes that his first grade elementary certificate did not authorize him to teach above the ninth and tenth grades without an indorsement thereon by the county superintendent of Jasper county. He contends, however, that the promise of said county superintendent that he would indorse it was equivalent to an indorsement and rendered him as eligible as if it were actually indorsed. The only authority cited in support of that contention is *San Juan County School Dist. No. 1 v. Ross,* 4 Colo. App. 493, 36 Pac. 560, but it is admitted that the case is not on all fours with the case at bar. On the other hand, it has been held that where a certificate is required as a condition precedent to the right to enter upon an employ, ment or to exercise a privilege, a promise to grant the certificate on application will not satisfy the require, ments of the law. *Kester v. Walla Walla County School Dist. No. 34,* 48 Wash. 486, 93 Pac. 907.

Under a former statute the county superintendent was authorized to issue a first grade certificate to be valid for two years in his county. It also provided: "The county superintendent may, at his option, renew certificates at their expiration by his endorsement thereon." A teacher to whom several first grade certificates had been issued upon due examination again applied to the county superintendent for another certificate and offered to submit to an examination. The county superintendent issued a new certificate but

dated it back one year.   Mandamus was brought to compel him to correct the date of the certificate and the defendant sought to justify his action by claiming that it was intended as a renewal of a former certificate.   The court said: "It cannot be said that the certificate, issued in September, 1902, and dated back as of July, 1901, was a mere renewal of a former certificate.   The certificate could only be renewed in the manner pointed out in the statute.   *   *   *   The mode, provided by the statute for the renewal of the certificate, is by indorsement thereon, and, in the case at bar, there was no such indorsement renewing appellee's certificate, but a new certificate was issued to him, reciting that it was of the first grade, and that appellee possessed the necessary qualifications to teach." *Van-Dorn v. Anderson,* 219 Ill. 32–39.

We are of the opinion that a promise to indorse a certificate does not meet the requirement of the statute that it shall be indorsed.   Under the statute in force prior to July 1, 1893, no person could be employed to teach who had not at the time of employment a certificate of qualification. *Wells v. People,* 71 Ill. 532; *Stevenson v. School Directors,* 87 Ill. 255. The payment of his salary could be enjoined at the suit of a taxpayer. *Board of Education of Galesburg v. Arnold,* 112 Ill. 11.   The present statute is substantially the same except that he is required to have his certificate of qualification at the time he enters upon his duties and it must be for the entire period of his employment.   Cahill's St. ch. 122, ¶ 291; *Pollard v. School Dist. No. 9,* 65 Ill. App. 104; *School Directors Dist. No. 2 v. Orr,* 88 Ill. App. 648.   We are of the opinion that the court did not err in directing a verdict in favor of appellee and the judgment is affirmed.

*Affirmed.*