BACH, MESSE & CO., PLAINTIFFS IN ERROR,

*v.*

SMITH, DEFENDANT IN ERROR.

An action for damages, by reason of breach of contract, cannot be maintained by an unlicensed liquor dealer, for liquors purchased by him to be sold in violation of the license law, because such a contract is illegal, and also because to enforce it would be opposed to the policy of the law requiring liquor dealers to pay a license fee, to be used in the regulation of the liquor traffic.

II. WASH.—10.

Error, to the Third Judicial District, holding terms at Seattle.

Opinion by Hoyt, Associate Justice.

This was an action for damages for the breach of a contract for the sale of spirituous liquors and wine, and the defendant in his answer alleged, as his second affirmative defense, that said liquors were contracted to be sold at Seattle, King County, in quantities greater than one gallon; and that plaintiffs, or either of them, had not at the time of making said contract taken out any license authorizing them, or either of them, to make such sales in King County; and that consequently such contract was illegal and void. To this, among other separate defenses, there was a demurrer interposed, which was overruled, to which ruling there was an exception allowed; and upon an error assigned therein, it is sought to reverse the judgment rendered in the Court below in favor of defendant. Was the contract referred to an illegal one? The law provides that any person who shall engage in the sale of spirituous liquors, without having first taken out a license so to do for the place at which the sale is to be made, shall be guilty of a crime, and liable to punishment by fine or imprisonment.

The contract in question, then, under the facts admitted by the demurrer, could only be carried into effect by the violation by the plaintiffs of a penal statute, and we are of the opinion that such a contract is illegal and cannot be enforced. Beside, the object of requiring a license for the sale of spirituous liquors is, that from the fee charged for such license a fund may be accumulated for the regulation of the traffic in such liquors; and if a contract for the sale thereof could be enforced, if made by one having no such license, and not having paid the fee therefor, such facts would tend to decrease the amount of funds derived from such license fees, and thus defeat the policy of the government in providing for the accumulation of a fund for the regulation of such traffic. And for this reason, also, we think such contracts should not be enforced by the Courts. (*Mitchell* v. *Smith*, 1st Binney, 110; *Gulich* v. *Wood & Bailey*, 5th Halstead, 87; *Jones* v. *Caswell*, 3d Johnson's Cases, 29.)

The answer below, and the demurrer thereto, raised several

other questions; but as this cause was submitted upon the record without briefs, we have not thought it our duty to examine them.

The action of the Court below was not erroneous, and the judgment therein rendered must be *affirmed*, and it is so ordered.