[No. 23009. Department One. May 12, 1931.]

SPOKANE MERCHANTS' ASSOCIATION *et al., Appellants,*
v. SPOKANE DRY GOODS COMPANY *et al.,*
*Respondents.*[1]

*Lund & Dodds,* for appellants.

*Danson, Lowe & Danson,* for respondents Spokane
Dry Goods Co. *et al.*

*Davis, Heil & Davis,* for respondents McBride.

*Tustin & Chandler,* for respondent Worthington.

MITCHELL, J.—The Spokane Merchants' Association,
a corporation, as assignee for the benefit of the cred-
itors of the Palace Store Company, a corporation, and
the Palace Store Company, a corporation, as plaintiffs,
brought this action against the Spokane Dry Goods
Company, a corporation, and Dry Goods Realty Com-
pany, a corporation, as defendants. The defendants,

[1]Reported in 299 Pac. 371.

appearing separately, each filed a demurrer to the second amended complaint on the ground, among others, "that the plaintiff, Spokane Merchants' Association, has no legal capacity to sue." An order was entered sustaining the demurrers on the sole ground that the plaintiff has no legal capacity to accept assignments for the benefit of creditors, it not being authorized to do business as a trust company, and therefore has no legal capacity to maintain this action. The Spokane Merchants' Association, as assignee, etc., refusing to plead further, has appealed from an order dismissing the action as to it.

In substance, the second amended complaint alleged that the Spokane Merchants' Association is a domestic corporation organized under the general laws for the organization of domestic corporations; that on March 4, 1930, the Palace Store Company, a domestic corporation and an insolvent corporation, executed and delivered to the Spokane Merchants' Association a common law assignment for the benefit of its creditors; that the Spokane Merchants' Association took immediate possession of, and continues to hold, the property assigned; and that the defendants have received and hold money belonging to the Palace Store Company, or its assignee, which, upon demand, they have refused to pay.

The sole question involved in the appeal is whether the Spokane Merchants' Association, a corporation organized under the general statutes for the organization of domestic corporations, and not organized under that portion of the state banking law relating to the organization of trust companies, may maintain this action as assignee.

This question must be decided contrary to the judgment appealed from, on the authority of *Mutual Reserve Association v. Zeran,* 152 Wash. 342, 277 Pac.

984. That was a case in which the Mutual Reserve Association, a domestic corporation, not organized under the trust company statutes, acted as trustee in a deed of trust to secure bonds floated for the purpose of building an apartment house. Upon completing the building, a number of liens for labor and material were filed against the property. The Mutual Reserve Association brought suit to foreclose the trust deed and to settle the rights and priorities of all the parties interested. The lien claimants contended that the trust deed was void and that the Mutual Reserve Association should not be heard in the action. That question was an important one in the case. Concerning it, the court said:

"Perhaps the principal contention presented here on behalf of the lien claimants is that the Mutual Reserve Association, not being organized as a trust company under our banking law, has no right to act as trustee under a deed of trust, and cannot invoke the power of the courts to foreclose such a trust deed."

In that case, the contention was that the plaintiff, not being organized under the banking law or the trust company portion of that law, had no right to act as trustee under a deed of trust, and had no right to sue. In the present case, respondents' contention is that the plaintiff, not being organized under the banking law, has no right to act as assignee under an assignment for the benefit of creditors, and has no right to sue. The difference in the kind of business involved in that action and the kind in this one in no way weakens the decision in that case as authority here, because in that case the business fell within subdivision 4, while here the business falls within subdivison 8 of Rem. Comp. Stat., § 3231; Rem. 1927 Sup., § 3231, and § 4, Laws of 1929, pp. 98-100, defining corporate powers of trust companies.

In that case it was further said:

"It is true that, by our statute, Rem. Comp. Stat., § 3222, corporations are forbidden the right to carry on a trust business, except in compliance with that act, and § 3231 defines 'trust business' as doing any of the things referred to in the subdivisions following. Subsection 4 following reads:

" 'To act as trustee under any mortgage, or bonds, issued by any municipality, body politic, or corporation, foreign or domestic, or by any individual, firm, association or partnership, and to accept and execute any municipal or corporate trust.'

"If we assume for present purposes, without so deciding, that the banking act prohibits a corporation from acting as a trustee for bond holders under a trust deed, still we find nothing in our statutes which says or intimates that a trust deed shall be void or unenforceable if the trustee be not qualified under the act. Nor would such a provision be logical or likely to serve a proper purpose, because the real parties to such a contract are the property owners on one side and the bond holders on the other. The trustee is a mere nominal party, without interest in the subject-matter, who is named only as the instrument through which the rights of the real parties may be protected and enforced. To penalize the real parties in interest because the trustee has violated a penal statute, would be, we fear, too great a hardship upon the investing public.

"Rem. Comp. Stat., § 3380, provides:

" 'Any person who shall do anything forbidden by this act for which a penalty is not provided in this act, or in some other law of the state, shall be guilty of a gross misdemeanor and be punished accordingly.'

"And it is, we think, a general rule that, though the offending trustee may be liable to a penalty, that is the only result which follows, and the deed will not be held void unless the statute so directs."

In *Frost v. Puget Sound Realty Associates,* 57 Wash. 629, 107 Pac. 1029, while the right of the appellant, a domestic corporation not organized under

the trust company act, to sue was not questioned or discussed, it was held with reference to its doing business, claimed to be trust business, by way of contract in which it was a beneficiary, as follows:

"Whether or not the appellant is attempting to perform corporate acts in violation of the trust company act and without authority of law can only be questioned by the state in a proper proceeding instituted for that purpose."

█ Counsel for respondents say in their brief that they do not contend the assignment is void, but only that, since the appellant is acting under an assignment which is in violation of the statute, it, the appellant, "cannot by way of suit based thereon ask the court to aid it in that violation". Counsel cite a number of cases as supporting that contention. But the assumption, in our opinion, is wrong. This suit is not based on the deed or contract of assignment, nor upon a breach of it, but upon the implied promise of the respondents to pay money they received and still hold belonging to appellant as assignee of the Palace Store Company—an implied contract in no way illegal or against public policy.

Respondents' first case, *Bach v. Smith*, 2 Wash. Terr. 145, 3 Pac. 831, held that an action for damages for breach of contract could not be maintained by an unlicensed liquor dealer for liquors purchased by him to be sold in violation of law "because such a contract is illegal." The lack of a cause of action, and not the want of capacity to sue, determined that case, which, as a matter of fact, was determined, in effect, upon a general demurrer to the complaint. In the next case, *Kimball v. School District No. 122*, 23 Wash. 520, 63 Pac. 213, the plaintiff was not allowed to recover on an alleged breach of contract to teach school because she did not hold a certificate to teach school, as the

statute required, for the term mentioned in the contract. That is, a so-called breach of a purported contract entered into in violation of law did not constitute a cause of action.

Other cases are cited to the same effect by counsel, which need not be further referred to by us, other than the case of *Sherwood v. Wise,* 132 Wash. 295, 232 Pac. 309, spoken of by counsel as the most recent case and "probably the most nearly in point." That was a case in which the plaintiff was not allowed to recover on his assignor's purported contract for services as an architect, the assignor being unlicensed as an architect, on the ground that the act relating to the licensing of architects

" . . . manifestly expresses the legislative intent that it shall be unlawful for one not holding a license certificate to assume the professional title of architect and, as such, enter into a contract to render architectural services."

In respondents' authorities, the parties sued were protected against unlawful contracts, to which they were parties, set up as causes of action against them. Here, the deed of assignment for the benefit of creditors, which the respondents say was contrary to the trust company act, was not signed by, nor did it purport to bind, the respondents or either of them, nor is it, or a breach of it, declared upon as the basis of the cause of action. As already stated, this is an action for money had and received.

Reversed and remanded, with directions to the superior court to set aside the judgment appealed from and overrule the demurrer.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.